IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff<br><br>vs.<br><br>PALMCO ENERGY PA L.L.C d/b/a INDRA ENERGY<br><br>    Defendant. | Case No.<br><br>COMPLAINT-CLASS ACTION |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Stewart Abramson ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited, autodialed telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

4. Plaintiff alleges that Defendant Palmco Energy PA L.L.C d/b/a Indra Energy ("Indra Energy") sent Plaintiff prerecorded telemarketing calls for the purposes of advertising their goods and services without consent, which is prohibited by the TCPA.

5. Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

6. A class action is the best means of obtaining redress for the Defendant' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiff Stewart Abramson is a Pennsylvania resident, and a resident of this District.

8. Defendant Palmco Energy PA L.L.C d/b/a Indra Energy is a Pennsylvania limited liability company with its principal place of business at 1515 Market Street, Suite 1200, Philadelphia, PA 19102. Indra Energy engages in telemarketing nationwide, including into this District. Indra Energy conducts business in this District, as it sent Mr. Abramson calls and correspondence about its products.

## Jurisdiction & Venue

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10. The Defendant regularly engages in business in this District, including sending telemarketing calls and selling services into this District, as it did with the Plaintiff. Furthermore, Indra Energy is registered with the state of Pennsylvania.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were targeted into this District.

### The Telephone Consumer Protection Act

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

13. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

14. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

16. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

18. TCPA also established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

19. This regulation is presently codified at 47 CFR 64.1200(c)(1-2).

20. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

21. "Telephone solicitation" is a narrower subset of calls than the "telemarketing" calls prohibited by § 64.1200(d).

22. "Telephone solicitations" are defined essentially as telemarketing calls made

without consent or an established business relationship.

23. "Established business relationships" can be terminated either affirmatively through a do-not-call request, or automatically after the passage of a certain amount of time. 47 C.F.R. § 64.1200(f)(5).

### Factual Allegations

24. Indra Energy provides energy services to consumers.

25. Indra Energy uses telemarketing to promote its products and solicit new clients.

26. These telemarketing efforts include the use of automated calls to send prerecorded messages.

27. The company engages in use of this equipment because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, or on an hourly basis, only talk to individuals who respond. Therefore, the Defendant shifts the burden of wasted time onto consumers.

28. On November 21, 2019, Mr. Abramson received a prerecorded telemarketing call on his cellular telephone number (412) 362-XXXX.

29. The call began with the recorded message:

> Hello. This is an apology call from your electric utility. You got overcharged by your third-party supplier. You will be receiving a rebate check along with a thirty percent discount on your electric and gas bill. Please press one to get your rebate check.

30. Mr. Abramson responded to the pre-recorded message in order to identify the calling party.

31. On the call, a "Jacob Ryan" attempt to sell Mr. Abramson Indra Energy services.

32. The call ultimately disconnected.

33. On December 3 and December 10, 2019, the Plaintiff received a pre-recorded telemarketing call to his cellular telephone number 412-418-XXXX.

34. 412-418-XXXX was registered on the National Do Not Call Registry for at least 31 days prior to the first telemarketing call.

35. 412-418-XXXX is not used for any business purposes.

36. Both the December 3 and December 10, 2019 telemarketing call played the same pre-recorded message as the November 21, 2019 call:

> Hello. This is an apology call from your electric utility. You got overcharged by your third-party supplier. You will be receiving a rebate check along with a thirty percent discount on your electric and gas bill. Please press one to get your rebate check.

37. On both calls, the Plaintiff spoke with an individual who identified themselves as associated with Indra Energy.

38. In order to verify the calling party, the Plaintiff received a "verification number" from Indra Energy related to each call.

39. Confirming the calls, the Plaintiff received a "welcome letter" from Indra Energy.

40. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

41. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**Class Action Statement Pursuant to LCvR 23**

42. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

43.   The proposed classes are tentatively defined as:

Class 1

Plaintiff and all persons within the United States: (1) to whose cellular telephone number Defendant placed a telemarketing call (2) within the four years prior to the filing of the Complaint (3) using dialing equipment and/or software identical or substantially similar to the dialing equipment and/or software used to place telephone calls to Plaintiff (4) without the prior express written consent of the called party.

Class 2

All persons in the United States who, from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) made (2) two or more telemarketing calls (3) promoting Defendant's products or services; (4) to a telephone number that was listed on the National Do Not Call Registry for at least 30 days before the first call; and (5) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

44.   The Plaintiff is a member of the classes.

45.   Excluded from the classes are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

46.   Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

47.   Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

48.   There are questions of law and fact common to Plaintiff and the proposed class, including:

    a.   Whether the Defendant used a an ATDS to send telemarketing calls;

    b.   Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

    c. Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

    d. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

  49. Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

  50. Plaintiff is an adequate representative of the class because his interests do not conflict with the class' interest, he will fairly and adequately protect the class' interests, and he is represented by counsel skilled and experienced in litigating TCPA class actions.

  51. The Defendant's actions are applicable to the class and to Plaintiff.

  52. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

  53. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

### Legal Claims

**Count One:**
**Violation of the TCPA, 47 U.S.C. § 227(b)**

  54. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

55. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the residential and cellular telephone numbers of Plaintiff and members of the Class using an ATDS to deliver prerecorded messages.

56. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. If the Defendant' conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

58. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any residential or cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(c)

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by (a) initiating telephone solicitations to persons and

entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

61. The Defendant's violations were negligent and/or knowing.

62. As a result of the Defendant's violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff and members of the Class are entitled of an award of up to $500 in damages for each call made in violation of this section. The Court may award up to $1,500 if the violation was found to be "willful or knowing".

63. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to any residential telephone number on the National Do Not Call Registry in the future.

## Relief Sought

Plaintiff requests the following relief:

A. That the Court certify the proposed classes;

B. That the Court appoint Plaintiff as class representative;

E. That the Court appoint the undersigned counsel as counsel for the classes;

F. That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

    H.    That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

    Plaintiff,
    By Counsel,

    By: */s/ Clayton S. Morrow*
        Clayton S. Morrow
        Email: csm@consumerlaw365.com
        Morrow & Artim, PC
        304 Ross Street, 7th Floor
        Pittsburgh, PA 15219
        Telephone: (412) 281-1250

        Anthony I. Paronich
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com
        *Subject to Pro Hac Vice*