# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, *individually and on behalf of a class of all persons and entities similarly situated*, | Case No. 2:19-cv-01675-MJH |
| Plaintiff, | Judge Marilyn J. Horan |
| vs. | |
| PALMCO ENERGY PA L.L.C. d/b/a INDRA ENERGY; SYNEGENCE, LLC; SHERRIE EDWARDS aka SHERRIE BRYANT aka SHERRIE BRYANT EDWARDS; and MATRIX ENERGY GROUP | **ANSWER TO FIRST AMENDED COMPLAINT, AND CROSSCLAIMS** |
| Defendants. | |

## ANSWER TO FIRST AMENDED COMPLAINT, AND CROSSCLAIMS

Defendant PALMCO ENERGY PA L.L.C., d/b/a INDRA ENERGY ("Defendant"), by and through its undersigned counsel, hereby answers the First Amended Complaint of STEWART ABRAMSON ("Plaintiff") and asserts the following Defenses, Affirmative Defenses and Cross-Claims.

### Preliminary Statement

1.      Denied in part; admitted in part. Defendant admits that Plaintiff claims to bring this action seeking redress for purported violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227. All remaining factual allegations in Paragraph 1 are denied.  Plaintiff is a serial TCPA litigant, and upon information and belief, is in the business of bringing TCPA claims.  The calls at issue in this case were either placed or solicited by Plaintiff or a third party, and Plaintiff suffered no injury or harm as a result of the calls.  In fact, Plaintiff voluntarily contracted with Defendant as his new energy supplier.  Neither Plaintiff nor the

putative classes he seeks to represent have a meritorious claim against Defendant under the TCPA.

2.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 2 and, therefore, denies the allegations.

3.      Paragraph 3 contains only conclusions of law as to which no response is required. Defendant notes with interest, Plaintiff's admission that the TCPA should be applied only to "*unsolicited* autodialed telemarketing calls to cellular telephones." (Emphasis added).

4.      Denied in part; admitted in part.  Admitted that Plaintiff is alleging that Defendant hired co-defendants Matrix Energy Group and Synegence, LLC, who sent Plaintiff "prerecorded telemarketing calls" for the purposes of advertising Indra Energy goods and services without consent, but denies that Defendant or co-Defendants did so.

5.      Denied.  Defendant notes that Plaintiff admits in Paragraph 5 of the First Amended Complaint the speculative nature of the class allegations in the First Amended Complaint.  Plaintiff's rational for bringing this action "on behalf of a proposed nationwide class of other persons" is premised entirely on Plaintiff's (incorrect) conclusory allegation and speculation that Defendant or co-Defendants used "technology capable of generating thousands of similar calls per day" to place the purported calls at issue to Plaintiff.

6.      Paragraph 6 contains only conclusions of law to which no response is required, to the extent a response is required, the allegations are denied.

**Parties**

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 7 and, therefore, denies the allegations.

8.    Defendant admits that it is a Pennsylvania limited liability company with a place of business at 1515 Market Street, Suite 1200, Philadelphia, PA 19102.

9.    Upon information and belief, Defendant admits Plaintiff's allegation in Paragraph 9.

10.    Defendant admits that, to the best of its knowledge, Synegence, LLC is a Florida limited liability company with its principal place of business at 4627 W. Sunset Blvd., Tampa, FL 33629.

11.    Defendant admits that, to the best of its knowledge, Sherrie Edwards is the owner and operator of Synegence, LLC, and is located at the same address.

## Jurisdiction and Venue

12.    Paragraph 12 contains only conclusions of law to which no response is required.

13.    Denied in part; admitted in part.  Defendant admits that it regularly conducts business in the Western District of Pennsylvania and is registered to do business in the Commonwealth of Pennsylvania. Defendant admits that Synegence, LLC and Ms. Edwards, in connection with her work for Synegence, LLC, were authorized by Defendant to direct lawful telemarketing calls into the Commonwealth of Pennsylvania, including into the Western District of Pennsylvania. Defendant only authorized Matrix Energy to conduct door-to-door sales, as explicitly stated in Matrix Energy's Consulting Agreement with Defendant. All remaining factual allegations in Paragraph 13 are denied.

14.    Denied.

## The Telephone Consumer Protection Act

1.      Paragraphs 15-26 of the First Amended Complaint contain recitations of law, regulation or agency determinations taken out of context, or conclusions of law, to which no response is required, to the extent a response is required, the allegations are denied.

27.      Defendant admits that, to the best of its knowledge, Sherrie Edwards is the owner and operator of Synegence, LLC. Defendant lacks sufficient information to admit or deny the remaining factual allegations in Paragraph 27.

28.      Paragraph 28 contains recitations of law and calls for a legal conclusion of law to which no response is required, to the extent a response is required, the allegations are denied.

29.      Paragraph 29 contains recitations of law and calls for a legal conclusion of law to which no response is required, to the extent a response is required, the allegations are denied.

30.      Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 30.

## Factual Allegations

31.      Admitted that Defendant provides *third-party* energy services to consumers.

32.      Admitted that Defendant uses lawful telemarketing, furnished by third-party vendors, to solicit new clients.  All other factual allegations in Paragraph 32 are denied.

33.      Denied.  Defendant does not initiate any telemarketing calls with an automated telephone dialing system to send prerecorded messages.

34.      Defendant admits that its telemarketing is done by third parties, but denies the allegation in paragraph 33 that its telemarketing efforts include the use of automated calls to send prerecorded messages.

35.      Denied.

36.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 36 and, therefore, Defendant denies the allegations.

37.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 37. The prerecorded message recited in the First Amended Complaint is not a message from Defendant or any third party acting with approval of Defendant.  On its face, the prerecorded message alleged by Plaintiff is nonsensical with respect to Plaintiff's claim against Defendant. Defendant is a third-party supplier of energy, not an "electric utility."  The message that Plaintiff attributes to Defendant was purportedly made by Plaintiff's electric utility, giving Plaintiff notice that he has been overcharged by a third-party supplier.  It is implausible that Defendant would leave such a message.

38.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 38 and, therefore, denies the allegations.  Defendant did not play any prerecorded message for Plaintiff.

39.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 39 and, therefore, denies the allegations.

40.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 40 and, therefore, denies the allegations.

41.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 41 and, therefore, Defendant denies the allegations.

42.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 42 and, therefore, denies the allegations.

43.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 43 and, therefore, denies the allegations.  Defendant notes that Plaintiff is a serial

TCPA class-action filer and, upon information and belief, uses his cellular telephone(s) to operate his business of pursuing TCPA claims.

44.    Defendant repeats and re-alleges its response to Paragraph 37, with respect to Paragraph 44.

45.    Denied. Defendant's representatives spoke with Plaintiff by telephone on December 3 and December 10, 2019 as the result of inbound calls placed or solicited by Plaintiff. For example, a recording of the December 3, 2019 call contains the following exchange between Defendant's representative and Plaintiff:

Defendant:    My name is Martin Smith and I am an energy consultant with Indra Energy.  May I know with whom I am speaking?

Plaintiff:    Uh, Stewart.

Defendant:    Perfect.  Sir, you do understand that an inbound call was transferred to us, and you're interested in speaking with an energy consultant with regard to your electric needs, right?

Plaintiff:    Yes.

[Plaintiff receives information and asks to sign up with Defendant as his new electricity supplier]

Defendant:    Do you have any questions for me?

Plaintiff:    No.

46.    Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 46 and, therefore, denies the allegations.

47.     Denied.  Plaintiff received correspondence from Defendant dated 12/5/19 confirming that Plaintiff had selected Defendant as his electricity supplier, and Plaintiff received correspondence from Defendant dated 12/12/19 confirming that Plaintiff had selected Defendant as his natural gas supplier.

48.     Denied in part; admitted in part.  Defendant admits that Synegence provided Defendant with partial recordings of calls between Synegence, or a calling center Synegence worked with, and Plaintiff.  However, these recordings do not contain the initial segment of the calls, nor do they contain the prerecorded message Plaintiff describes in Paragraphs 37, 41, or 44.  Defendant has shared these recordings with Plaintiff's counsel.

49.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 49.  Defendant had ordered Synegence to cease telemarketing activity in Pennsylvania and terminated its contract with Synegence prior to the alleged March 11, 2020 call to Plaintiff; Defendant has no record of Synegence making or requesting compensation for such a call from Defendant.  Defendant also notes that Matrix Energy Group was only authorized to conduct door-to-door sales, and therefore has no record or request for compensation related to the alleged March 11, 2020 call to Plaintiff.

50.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 50 and, therefore, denies the allegations.

51.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 51 and, therefore, denies the allegations.

52.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 52 and, therefore, denies the allegations.

53.    Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 53 and, therefore, denies the allegations.

54.    Denied.

55.    Denied.  For example, on the 12/3/19 call, Plaintiff not only initiated the inbound communication to Defendant, but spent approximately 11 minutes and 1 second speaking with Defendant and switching to Defendant as his new energy supplier.

### Indra's Vicarious Liability

56.    Paragraphs 56 to 60 contain conclusions and recitations of administrative law, to which no responses are required. To the extent that paragraph 60 contains allegations of fact, those allegations are denied.

61.    Denied.

62.    Denied in part; Defendant restricts the states to which its telemarketing vendors can call; it authorized certain televendors to contact individuals in Pennsylvania, but never required those televendors to place calls to Pennsylvania.

63.    Denied.

64.    To the extent that Paragraph 64 states what reasonable sellers that accept leads from lead generators should or must do, it calls for a legal conclusion and no response is required. All other allegations in Paragraph 64 are denied.

65.    Admitted.

66.    Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 66 and, therefore, denies the allegations.

67.     Defendant lacks sufficient information to admit or deny the factual allegations in Paragraph 67 and, therefore, denies the allegations. Defendant re-alleges its response to Paragraph 49 concerning the allegations about Matrix Energy Group.

68.     Plaintiff's allegations in Paragraph 68 are unintelligible and therefore are denied.

69.     Paragraph 69 calls for legal recitations and administrative law, to which no response is required.  To the extent that paragraph 69 contains allegations of fact, those allegations are denied.

## Class Action Statement Pursuant to LCvR23

70.     Defendant admits that Plaintiff is bringing this action as a putative class action, but denies that Plaintiff has viable claims or that a class action would be an appropriate vehicle in this case.

71.     Defendant admits that Plaintiff is proposing putative class claims, but denies that Plaintiff has defined viable classes or claims, and Defendant further denies that a class action would be an appropriate vehicle in this case.

72.     Denied.

73.     Admitted that Plaintiff alleges that certain individuals and entities are excluded from its putative classes, but denies that Plaintiff has defined viable classes or claims, and Defendant further denies that a class action would be an appropriate vehicle in this case.

74.     Denied.

75.     Paragraph 75 contains admitted speculation about the number of putative class members and the practicality of their joinder, and is denied.

76.     Paragraph 76 contains conclusions of law to which no response is required. To the extent it contains factual allegations, they are denied.

77.    Denied.

78.    Denied.  For example, on the 12/3/19 call, Plaintiff not only initiated the inbound communication to Defendant, but spent approximately 11 minutes and 1 second speaking with Defendant and switching to Defendant as his new energy supplier.  These actions are inconsistent with Plaintiff's allegations that members of the putative class were "deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was invaded" or that they found that the purported calls were "frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of … the class."

79.    Denied.

80.    Paragraph 80 contains conclusions of law to which no response is required.  To the extent it contains factual allegations, they are denied.

81.    Paragraph 81 contains speculation and conclusions of law to which no response is required. To the extent it contains factual allegations, they are denied.

## Legal Claims

## Count One: Violation of 47 U.S.C. § 227(b)

82.    Defendant re-alleges and re-incorporates its answers to the above paragraphs of the Complaint as if fully set forth herein.

83.    Denied.

84.    Denied.

85.    Paragraph 85 contains conclusions of law to which no response is required. To the extent it contains factual allegations, they are denied.

86.    Denied.

## Count Two: Violation of 47 U.S.C. § 227(c)

87.    Defendant re-alleges and re-incorporates its answers to the above paragraphs of the Complaint as if fully set forth herein.

88.    Denied.

89.    Denied.

90.    Paragraph 90 contains conclusions of law to which no response is required. To the extent it contains factual allegations, they are denied.

91.    Denied.

## Relief Sought

Defendant denies that Plaintiff is entitled to the relief sought in Paragraphs A through H of the Prayer for Relief in the First Amended Complaint. Defendant also denies that Plaintiff or any member of the putative classes were damaged by Defendant or are entitled to any form of damages or other relief.  Defendant further denies that the present action is appropriate to pursue as, or meets the requirements for proceeding as, a class action.

## GENERAL DENIAL

Defendant denies any and all allegations not expressly admitted or responded to otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered Plaintiff's First Amended Complaint, Defendant pleads the following defenses, without waiving any arguments that it may be entitled to assert concerning the burden of proof, legal presumptions, or other legal characterizations.  Defendant expressly disclaims any burden of proof or burden of going forward not otherwise imposed upon it by law.

## FIRST DEFENSE

### (Failure to State a Claim)

92.     The First Amended Complaint, and each cause of action thereof, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Wrong Party)

93.      Plaintiff's and putative class members' injury, if any, and damages, if any, were not caused by Defendant, but by another person or entity for whom or which Defendant is not responsible.

## THIRD DEFENSE

### (Arbitration Agreement Bars Suit and Bars Collective Claims)

94.     Plaintiff's claims and those of some or all of the purported class members are barred, in whole or in part, because Plaintiff and some or all of the purported members of the class are contractually bound by Defendant's Terms of Service to arbitrate.

## FOURTH DEFENSE

### (No Violation of Privacy Rights)

95.     The purported calls at issue did not adversely affect Plaintiff's privacy rights. Plaintiff placed or solicited the calls in question in anticipation of bringing the instant claims.

## FIFTH DEFENSE

### (Prior Express Written Consent or Permission)

96.     The First Amended Complaint is barred, in whole or in part, on grounds of prior express written consent or permission. Plaintiff placed or solicited the calls at issue or gave prior express written consent or permission to call him at the numbers he provided.

## SIXTH DEFENSE

### (Estoppel)

97.     The First Amended Complaint is barred, in whole or in part, on grounds of estoppel, because Plaintiff, a serial TCPA litigant, placed or solicited the calls at issue.

## SEVENTH DEFENSE

### (Unclean Hands)

98.     The First Amended Complaint is barred, in whole or in part, on grounds of unclean hands, because Plaintiff, a serial TCPA litigant, placed or solicited the calls at issue.

## EIGHTH DEFENSE

### (Adequate Remedy at Law)

99.     The First Amended Complaint fails to state a valid claim for injunctive relief because Plaintiff cannot establish, among other things, that he does not have an adequate remedy at law.

## NINTH DEFENSE

### (No Class Capable of Certification)

100.    Plaintiff has not validly stated a class of litigants capable of certification, and the action is not properly maintainable as a class action, because Plaintiff cannot establish all of the elements necessary for class certification in that, among other things: common issues of fact or law do not predominate—to the contrary, individual issues predominate (e.g., was the call at issue placed or solicited by Plaintiff or a third party?); Plaintiff's claims are not representative or typical of the claims of the putative class (e.g., did other members of the putative class also place calls to, or solicited calls from, the Defendant?); Plaintiff is not a proper class representative (e.g., did other members of the class voluntarily spend in excess of 11 minutes on calls with the Defendant, during which they asked to enter into a business relationship with the Defendant and

take advantage of the Defendant's low energy rates?); Plaintiff and putative class counsel are not adequate representatives for the putative class; there does not exist a well-defined community of interest as to the questions of law and fact involved; the putative class is sufficiently manageable without implementing the class action mechanism and, therefore, the class action mechanism is not the superior method for adjudicating this dispute; and, the putative class is not ascertainable, nor are its members identifiable.

**TENTH DEFENSE**

**(Free Speech Violation)**

101.    The TCPA, codified at 47 U.S.C. § 227, upon which Plaintiff's claims rely, violates the First Amendment of the United States Constitution.

**ELEVENTH DEFENSE**

**(Void for Vagueness)**

102.    The TCPA, codified at 47 U.S.C. § 227, upon which Plaintiff's claims rely, violates the Fifth and Fourteenth Amendments of the United States Constitution.

**TWELFTH DEFENSE**

**(Excessive Fines)**

103.    The TCPA, codified at 47 U.S.C. § 227, upon which Plaintiff's claims rely, violates the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were found, the statutory damages provided for in the TCPA would be grossly disproportionate to any injury or harm suffered by the class members.

**THIRTEENTH DEFENSE**

**(No Willful Conduct)**

104.    Defendant did not knowingly or willfully violate the TCPA.

**FOURTEENTH DEFENSE**

**(No Statutory Damages)**

105.    Plaintiff is not entitled to statutory damages because Defendant did not violate the TCPA.

**FIFTEENTH DEFENSE**

**(No Attorneys' Fees or Costs)**

106.    Plaintiff is not entitled to attorneys' fees or costs because the TPCA makes no provision for attorney's fees or costs when a plaintiff exercises the statute's private right of action. 47 U.S.C § 227(b)(3).

**SIXTEENTH DEFENSE**

**(Lack of Standing)**

107.    Plaintiff lacks standing to pursue his TCPA claims under Article III of the United States Constitution because he suffered no concrete and particularized injury.

**SEVENTEENTH DEFENSE**

**(No Violation of 47 U.S.C. §227(c))**

108.    Plaintiff is not entitled to relief under 47 U.S.C. § 227(c) for any calls with Defendant on his cellular telephone number because 47 U.S.C. § 227(c) only applies to residential telephone subscribers, and Plaintiff is not a residential telephone subscriber for the purposes of his cellular telephone number.

## NINTEENTH DEFENSE

### (Failure to Join a Necessary Party)

109.    Plaintiff has failed to name or join a necessary party to the present action, as is required under Fed. R. Civ. P 19(a). The Court cannot accord complete relief to Plaintiff in the absence of the party that placed the calls to Plaintiff.

## TWENTIETH DEFENSE

### (Other Defenses)

110.    Defendant claims the benefit of all other defenses and presumptions set forth in or arising from any rule of law or statute or any other rule of law that is deemed to apply in this action.  Defendant reserves the right to assert any additional defenses that may be disclosed during the course of additional investigation and discovery.

## CROSSCLAIMS OF PALMCO ENERGY PA L.L.C. AGAINST SYNEGENCE, LLC AND MATRIX ENERGY GROUP

1.    Crossclaim Plaintiff Palmco Energy PA L.L.C. ("Palmco") brings these cross-claims against defendants Synegence, LLC ("Synegence") and Matrix Energy Group ("Matrix") for indemnification and breach of contract in the event that Palmco is found to have any liability to Plaintiff for any claims set forth in this matter.

**Jurisdiction**

2.    To the extent the Court has subject matter jurisdiction over Plaintiff's claims against Palmco, the Court has subject matter jurisdiction over Palmco's crossclaims under 28 U.S.C. § 1367(a) because they are so related to the plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

**Parties**

3.      Crossclaim Plaintiff Palmco Energy PA L.L.C d/b/a Indra Energy is a Pennsylvania limited liability company with its principal place of business at 1515 Market Street, Suite 1200, Philadelphia, PA 19102.

4.      Upon information and belief, defendant Matrix Energy Group is a New York corporation with a registered agent of United States Corporation Agents, Inc., 7014 13th Ave., Suite 202, Brooklyn, NY 11228.

5.      Upon information and belief, defendant Synegence, LLC is a Florida limited liability company with its principal place of business at 4627 W. Sunset Blvd., Tampa, FL 33629.

**Allegations of Fact**

6.      Palmco and Synegence are parties to a contract dated September 13, 2019 (the "Synegence Contract").

7.      Pursuant to the Synegence Contract, any telemarketing performed by Synegence for the benefit of Palmco must be conducted in full compliance with all applicable laws, including without limitation the TCPA.

8.      To the extent Synegence contacted Plaintiff in violation of the TCPA or any other law, Synegence breached the Synegence Contract and is liable to Palmco for damages.

9.      The Synegence Contract requires Synegence to indemnify and defend Palmco for any claims against Palmco arising from any activity of Synegence.

10.      Palmco demanded that Synegence indemnify and defend Palmco against Plaintiff's claims in this matter.

11.      Synegence failed to respond Palmco's demand and therefore breached the Synegence Contract.

12.      Palmco and Matrix are parties to a contract dated November 4, 2019 (the "Matrix Contract").

13.    Pursuant to the Matrix Contract, Matrix was to perform only door-to-door sales for Palmco.

14.    Pursuant to the Matrix Contract, any marketing performed by Matrix for the benefit of Palmco must be conducted in full compliance with all applicable laws.

15.    To the extent Matrix contacted Plaintiff in violation of the TCPA or any other law, Matrix breached the Matrix Contract and is liable to Palmco for damages.

## Legal Claims

## Count One Breach of Contract and Indemnification against Synegence and Matrix

16.    Palmco re-alleges and re-incorporates its allegations set forth above as if fully set forth herein.

17.    Synegence and Matrix were contractually obligated to Palmco to comply with all applicable laws in conducting marketing for the benefit of Palmco.

18.    To the extent Plaintiff is able to establish that Synegence conducted marketing for the benefit of Palmco that was not in compliance with applicable laws, Synegence breached the Synegence Contract.

19.    To the extent Plaintiff is able to establish that Matrix conducted marketing for the benefit of Palmco that was not in compliance with applicable laws, Matrix breached the Matrix Contract.

20.    To the extent Palmco is required to pay any fine, judgment or settlement amount in this matter as a result of Synegence's breach of the Synegence Contract, Palmco will have been injured and suffered damages, at minimum, in the amount of such fine, judgment or settlement amount and Synegence will be liable to Palmco for such amount.

21.    To the extent Palmco is required to pay any fine, judgment or settlement amount in this matter as a result of Matrix's breach of the Matrix Contract, Palmco will have been

injured and suffered damages, at minimum, in the amount of such fine, judgment or settlement amount and Matrix will be liable to Palmco for such amount.

### Count Two: Breach of Contract against Synegence

22.    Palmco re-alleges and re-incorporates its allegations set forth above as if fully set forth herein.

23.    The Synegence Contract requires Synegence to indemnify and defend Palmco for any claims against Palmco arising from any activity of Synegence.

24.    Palmco demanded that Synegence indemnify and defend Palmco against Plaintiff's claims in this matter.

25.    Synegence failed to respond Palmco's demand and therefore breached the Synegence Contract.

26.    Palmco has suffered injury as a result of Synegence's failure to defend in this matter and incurred damages in, at minimum, the amount of the fees and costs expended by Palmco in its defense of this matter.

### PRAYER FOR RELIEF

**WHEREFORE**, Palmco respectfully prays for judgment as follows:

1.    That the Court deny Plaintiff's request for certification of a class;

2.    That judgment be entered in favor of Defendant and against Plaintiff;

3.    That judgment be entered in favor of Defendant and against Plaintiff;

4.    That Plaintiff take nothing from Defendant by his suit and that the First Amended Complaint be dismissed in its entirety with prejudice;

5.    That Palmco be awarded damages, in an amount to be proven at trial, for Synegence's breach of its obligation to indemnify and defend Palmco;

6.     That Palmco be awarded damages, in an amount to be proven at trial, for Synegence's breach of contract in the event that Palmco is required to pay any fine, judgment or settlement amount as a result of Plaintiff's allegations in this matter related to Synegence;

7.     That Palmco be awarded damages, in an amount to be proven at trial, for Matrix's breach of contract in the event that Palmco is required to pay any fine, judgment or settlement amount as a result of Plaintiff's allegations in this matter related to Matrix; and

8.     For such other and further relief as the Court may deem just and proper including, without limitation, awarding costs to Defendant.

Dated: July 29, 2020

Respectfully Submitted,


/s/ *Jason G. Wehrle*
Jason G. Wehrle
PA Bar #92711
Mintzer, Sarowitz, Zeris, Ledva & Meyers
2605 Nicholson Road
Building V, Suite 5100
Sewickley, PA 15143
(412) 928-0502
Email: jwehrle@defensecounsel.com


Torsten M. Kracht (*pro hac vice*)
Hunton Andrews Kurth LLP
tkracht@hunton.com
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: (202) 419-2149
Facsimile: (202) 778-7452

*Attorneys for Defendant.*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 29, 2020, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing is served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


*/s/ Jason G. Wehrle*
Jason G. Wehrle