# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

STEWART ABRAMSON, individually and on
behalf of a class of all persons and entities
similarly situated,

        Plaintiff

vs.

PALMCO ENERGY PA L.L.C d/b/a INDRA
ENERGY, SYNEGENCE, LLC, SHERRIE
EDWARDS aka SHERRIE BRYANT aka
SHERRIE BRYANT EDWARDS and
MATRIX ENERGY GROUP

        Defendants.

Case No. 2:19-cv-1675-MJH

**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

PREAMBLE ............................................................................................................................... 3

RECITALS ............................................................................................................................... 3

AGREEMENT ........................................................................................................................... 4

**EXHIBITS**

[PROPOSED] PRELIMINARY APPROVAL ORDER ............................................. EXHIBIT 1

LONG-FORM NOTICE  .......................................................................................... EXHIBIT 2

POSTCARD NOTICE ............................................................................................... EXHIBIT 3

EMAIL NOTICE ....................................................................................................... EXHIBIT 4

PUBLICATION NOTICE ........................................................................................ EXHIBIT 5

DIRECT NOTICE CLAIM FORM .......................................................................... EXHIBIT 6

PUBLICATION NOTICE CLAIM FORM ............................................................... EXHIBIT 7

[PROPOSED] FINAL APPROVAL ORDER ........................................................... EXHIBIT 8

[PROPOSED] FINAL JUDGMENT ........................................................................ EXHIBIT 9

**PREAMBLE**

It is hereby stipulated and agreed by and among the undersigned Parties (defined below), subject to the approval of the Court, that the settlement of this Action (defined below) shall be effectuated pursuant to the terms and conditions set forth in this Settlement Agreement and Release (the "Agreement" or "Settlement Agreement").

**RECITALS**

The following recitals are incorporated by reference and are considered part of the Settlement Agreement:

**A.**     On December 30, 2019, plaintiff Stewart Abramson ("Plaintiff") filed a putative class action complaint (the "Complaint") in the United States District Court for the Western District of Pennsylvania against PALMco Energy PA L.L.C. ("PALMCO" or "Defendant," and together with Plaintiff, the "Parties").  The Plaintiff later amended his complaint to add Synegence, LLC, Sherrie Edwards a/k/a Sherrie Bryant a/k/a Sherrie Bryant Edwards And Matrix Energy Group captioned *Abramson v. PALMco Energy PA L.L.C., et. al.,* Case No. 2:19-cv-1675 (the "Action").  The Complaint alleged that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by, placing unsolicited telemarketing calls to Plaintiff and members of the putative class.

**B.**     Defendant disputes Plaintiff's allegations in his Complaint and maintains that it complied with the TCPA and all applicable laws.  The Parties are entering into this Agreement to avoid the risk and expense of further litigation, to resolve all disputes that have arisen between them, and to settle any and all claims that do or may exist in the past, present, or future.

**C.**     This Settlement Agreement is the result of good faith, arm's-length settlement negotiations that took place only after the Parties engaged in discovery.  The Parties have

exchanged information through discovery, have participated in mediation under the guidance of mediator Hon. Morton Denlow from JAMS, and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.

**D.**     The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement.  The Parties desire and intend to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

**E.**     The Parties hereby stipulate and agree that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to approval of the Court, the Action shall be fully and finally settled and the Action dismissed with prejudice under the following terms and conditions.

**AGREEMENT**

**1.     DEFINITIONS**

In addition to the definitions included above, and in the Distribution Plan of the Agreement, the following shall be defined terms for purposes of this Settlement Agreement.  Some of the definitions in this section use terms that are defined later in the section.  All defined terms are in bold-face font and listed in alphabetical order:

**1.1     Agreement or Settlement Agreement**.  This document, including all exhibits.

**1.2     Authorized Claimant.**  A Claimant who submits a timely and valid Claim Form according to the terms of this Settlement Agreement and does not validly request exclusion from the Settlement Class.

**1.3     CAFA Notice.** means the notice of this Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**1.4     Claim.**   A request by a Settlement Class Member for payment pursuant to this Agreement.

**1.5     Claim Form.** The document to be submitted by a Claimant seeking payment pursuant to this Settlement (either the Direct Mail Notice Claim Form or Publication Claim Form depending on the form of Class Notice received by the Claimant). The Claim Forms submitted to the Court for approval must be substantially in the form of those attached as Exhibit 6 and 7.

**1.6     Claimant.**   A Settlement Class Member who has submitted a Claim Form with the claims process.

**1.7     Class List.**   The database that Defendant's Counsel provides to the Settlement Administrator, which includes, among other things, the phone number, name, postal addresses and e-mail address, if any, of Settlement Class Members.

**1.8     Class Period.**   From January 1, 2016 through September 30, 2020.

**1.9     Court**.   United States District Court, Western District of Pennsylvania.

**1.10     *Cy Pres* Recipients.** National Consumer Law Center.

**1.11     Defendant**. PALMco Energy PA, L.L.C., d/b/a Indra Energy.

**1.12     Distribution Plan**.   The plan for distributing the Settlement Fund.

**1.13     Defendant's Counsel.**   Hunton Andrews Kurth LLP and Mintzer Sarowitz Zeris Ledva & Meyers LLP.

**1.14     Effective Date**.   The first date after which the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken

and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, this Agreement will be terminated and cancelled and the Parties will be returned to their positions *status quo ante* with respect to the Action as if this Agreement had not been entered into.

1.15    **Email Notice.** The summary notice of the settlement that is emailed to Settlement Class Members pursuant to Section 4, providing a link to the Claim Form, a link to the Settlement Website, and contact information for the Settlement Administrator.  The Email Notice submitted to the Court for approval must be substantially in the form attached as Exhibit 4.

1.16    **Fees, Costs, and Expenses Award.**    The amount of attorneys' fees and reimbursement of costs and expenses awarded to Settlement Class Counsel by the Court from the Settlement Fund.

1.17    **Fairness Hearing or Final Approval Hearing**.  The hearing held by the Court to consider evidence and argument for the purpose of determining whether to enter the Final Approval Order and Final Judgment, and evaluating the Fees, Costs and Expenses Award and request for an award of Service Payment to Plaintiff.

1.18    **Final Approval Order**.  The order finally certifying the Settlement Class, and approving the settlement as fair, reasonable, and adequate, substantially in the form attached as Exhibit 8.

1.19    **Final Judgment**.  The final judgment and order of dismissal with prejudice to be entered by the Court substantially in the form attached as Exhibit 9.

**1.20    Initial Payments.**  The sum of the following amounts: Service Payment, and any Fees, Costs, and Expenses Award, and any fees and costs of the Settlement Administrator due to be paid from the Settlement Fund pursuant to Section 2.1.

**1.21    Long-Form Notice.**  The long-form version of the notice of the settlement that is to be provided on the Settlement Website and that will be provided through a link in the Publication Notice.  The Long-Form Notice submitted to the Court for approval must be substantially in the form attached as Exhibit 2.

**1.22    Net Settlement Fund.**  The Settlement Fund, reduced by the Initial Payments.

**1.23    Postcard Notice.**   The summary notice of the settlement that is mailed to Settlement Class Members pursuant to Section 4, providing the URL of the Settlement Website and contact information for the Settlement Administrator.  The Postcard Notice submitted to the Court for approval must be substantially in the form attached as Exhibit 3.

**1.24    Preliminary Approval Order**.  The Order of Preliminary Approval of Settlement to be entered by the Court substantially in the form attached as Exhibit 1.

**1.25    Publication Notice.**  The notice that shall be made available via the internet substantially in the form attached hereto as Exhibit 5 in the manner recommended by the Settlement Administrator.

**1.26    Released Claims.**  All claims, demands, causes of actions, suits, damages, fees arising under the TCPA, for making telemarketing calls promoting PALMco, Indra or Columbia goods or services, where such call was made on or from January 1, 2016 through the date of Settlement. The release of agents and third-party contractors is limited to actions taken by, or on behalf of the Released Parties.

**1.27    Released Parties**. Defendant and any and all of their present or former members, managers, predecessors, successors, subsidiaries, affiliates, divisions, third-party contractors, joint ventures, and entities in which Defendant has a controlling interest, ,including without limitation: PALMco Power, CA, LLC, PALMco Power CT, LLC, PALMco Energy CT, LLC, PALMco Power DC, LLC, PALMco Energy DC, LLC, PALMco Power DE, LLC, PALMco Power IL, LLC, PALMco Energy IL, LLC, PALMco Power MA, LLC, PALMco Energy MA, LLC, PALMco Power MD, LLC, PALMco Energy MD, LLC, PALMco Power NJ, LLC, PALMco Energy NJ, LLC, Columbia Utilities, LLC, Columbia Utilities Power, LLC, PALMco Power NY, LLC, PALMco Energy NY, LLC, PALMco Power OH, LLC, PALMco Energy OH, LLC, PALMco Power PA, LLC, PALMco Energy PA, LLC and PALMco Energy VA, LLC, any or all of which may from time to time have been referred to as "Indra," or "PALMco" or "Columbia", and any of their members, managers, officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents, and any other Person acting on their behalves.

**1.28    Releasing Parties**.  Plaintiff and each member of the Class not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, employees (each solely in their respective capacity as such.

**1.29    Response Deadline.**  The date by which a Settlement Class Member must submit a Claim Form, object to this Agreement, or submit a request for exclusion to the Settlement Administrator.  The Response Deadline shall be ninety (90) days after entry of the Preliminary Approval Order.

**1.30    Service Payment**.  One-time payment to Plaintiff as set forth in Section 2.1.3

**1.31    Settlement Administrator**.   Subject to Court approval, KCC Class Action Services.

**1.32    Settlement Class or Class**.  All persons in the United States who were contacted by or on behalf of the Released Parties or its affiliates promoting one or more of the Released Parties that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through the date of the Settlement.

**1.33    Settlement Class Counsel**.  Paronich Law, P.C.

**1.34    Settlement Class Member(s) or Class Member(s)**.  All persons or entities who fall within the Settlement Class.

**1.35    Settlement Fund**.  Defendant and its insurers will create a non-reversionary, capped Settlement Fund of $1,000,000.  The Settlement Fund shall represent the maximum payment to be paid by Defendant and will be used to pay all approved claims, costs of administration, and permitted fees, costs and/or service awards.

**1.36    Settlement Website**.  A website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with notice of the proposed settlement.  This website will allow Settlement Class Members to submit Claims and opt-out of the Agreement.

**2.       SETTLEMENT CONSIDERATION (BENEFITS AND RELEASE OF CLAIMS)**

**2.1     Settlement Fund**.

**2.1.1    Payment of the Settlement Fund.**  On or before fourteen (14) calendar days after entry of the Preliminary Approval Order, Defendant and its insurers shall pay the amount estimated by the Settlement Administrator to cover the cost of providing notice to the Settlement

Class and administering the Claims process.  On the thirtieth calendar day after Final Approval, Defendant and its insurers shall deposit into the Common Fund the remaining amounts.

      **2.1.2    Settlement Class Member Benefits.**  Settlement Class Members shall be eligible to receive monetary benefits from the Net Settlement Fund in accordance with the Distribution Plan.

      **2.1.3    Service Payment**.  Plaintiff may apply to the Court for an award of Service Payment of $10,000. Any Service Payment awarded by the Court shall be paid by the Settlement Administrator from the Settlement Fund.

      **2.1.4    Settlement Class Counsel's Fees, Costs, and Expenses**.  Settlement Class Counsel may make a reasonable request for fees, costs, and expenses to the Court.  Defendant reserves the right to respond to such fee request as it deems appropriate.  Any attorneys' fees, costs, and expenses awarded by the Court shall be paid by the Settlement Administrator from the Settlement Fund.

      **2.1.5    Settlement Administrator and Notice and Administrative Costs.**  Notice and Administrative Costs shall be paid from the Settlement Fund, or in the event such costs and expenses are incurred but the Effective Date does not occur, shall be paid by Defendant.

    **2.2**    **Releases.**

      **2.2.1    Release of Settlement Class Claims**.   The Parties intend that this Agreement will fully and finally dispose of the Action and any and all Released Claims against the Released Parties.  As of the Effective Date, each Releasing Party will be deemed to have completely released and forever discharged the Released Parties, and each of them, from and for any and all Released Claims.

3.      **DISTRIBUTION PLAN**

3.1      **Initial Payments.**  Except as otherwise provided, on or before thirty (30) calendar days after the Effective Date, the Settlement Administrator shall deduct all Initial Payments from the Settlement Fund and deliver them to the appropriate individuals or entities entitled to them, in accordance with the terms of the Agreement and the Court's Final Approval Order and Final Judgment.

3.1.1      **Additional Instructions for Individual Allocated Payment Amounts.** Settlement Class Members will be asked to provide either a taxpayer identification or a social security number if they are receiving $600 or more in an Individual Allocated Payment Amount due to Internal Revenue Service reporting requirements.  The Settlement Administrator will issue a written notice to Settlement Class Members who will receive a payment of $600 or more as Individual Allocated Payment Amounts, once the allocation of Individual Allocated Payment Amounts is determined following Final Approval.  If no taxpayer identification or social security number is timely provided, payment of the Individual Allocated Payment Amount may be subject to backup withholding as required by Internal Revenue Service regulations.

3.2      **Authorized Claimant Settlement Award Calculations.**  The awards to Authorized Claimants shall be calculated and apportioned as follows:

3.2.1      A Settlement Class Member is eligible to claim a pro rata share of the Net Settlement Fund provided they become an Authorized Claimant by submitting a timely and valid Claim Form.

3.2.2      The Settlement Administrator shall calculate the total number of Authorized Claimants.  The Net Settlement Fund shall be divided by the Total Number of Authorized Claimants.

**3.3** **Distribution of Authorized Claimant Awards.** The Claim Form shall allow Settlement Class Members to elect between receiving an award by check or electronically (including by Automated Clearing House ("ACH," a/k/a direct deposit)), PayPal, and any other electronic payment format recommended by the Settlement Administrator and agreed upon by the Parties). The parties will work with the Settlement Administrator on appropriate procedures for collecting this election information. For those Authorized Claimants who requested an award by check, their Individual Allocated Payment Amounts shall be mailed as a check by the Settlement Administrator within forty-five (45) calendar days following the receipt of all settlement funds by the Settlement Administrator. To those Authorized Claimants who requested the award to be transmitted by electronic means, a transfer reflecting their Individual Allocated Payment Amounts shall be transmitted to the Authorized Claimant between forty-five (45) and fifty (50) calendar days after the Effective Date.

**3.4** **Address Verification / Returned Checks.** No skip-tracing shall be done as to any checks that are returned by the postal service with no forwarding address. Authorized Claimants' checks returned with a forwarding address shall be re-mailed to the new address within seven (7) calendar days.

**3.5** **Uncashed Settlement Checks.** Any checks issued under this settlement shall be negotiable for at least ninety (90) calendar days. Individual checks that have not been negotiated within ninety (90) calendar days after issuance, if any, shall be void and a second distribution shall be made. Following that second distribution, checks that have not been negotiated within ninety (90) calendar days after issuance, if any, shall be void, and the underlying funds shall be paid by the Settlement Administrator to the Cy Pres Recipient.

**3.6     Failed Electronic Transmission of Funds.**  Settlement Class Members who elect that their Individual Allocated Payment Amount be transmitted to themselves via electronic means, but fail to provide sufficient or correct information to permit such transfer, shall, after a reasonable attempt to resolve any such payment issues, relinquish their right to payment pursuant to the Agreement.  Funds that were unable to be transferred to the Authorized Claimants electronically shall be paid by the Settlement Administrator to the Cy Pres Recipients.

**3.7     Second Eligible Payment**. Prior to the Cy Pres payment, Settlement Class Members who received an eligible payment pursuant to the Agreement will receive a second pro rata payment to the extent such a payment is economically feasible (e.g., more than $5.00) (the "Second Eligible Payment").

**3.8     Cy Pres Distribution.**  Any remaining funds will be paid to the Cy Pres Recipients under this Agreement within thirty (30) days following the Second Eligible Payment.

**3.9     No Claims Related to Distribution Calculations.**  No person or entity shall have any claim against Defendant, Defendant's counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any Settlement Administrator based on distributions and payments made in accordance with this Agreement.

**4.     CLASS NOTIFICATION PROCEDURES**

**4.1     CAFA Notice**. Within ten (10) calendar days after this Agreement is filed with the Court, Defendant, through the Settlement Administrator, shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.  The Settlement Administrator shall thereafter complete a declaration attesting to the completion of notice pursuant to 28 U.S.C. § 1715 such that it can be filed with the Court in advance of the hearing on Plaintiff's motion for entry of the Preliminary Approval Order.

**4.2     Settlement Website.**  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator will activate the Settlement Website.  The Settlement Website shall be designed and constructed to accept electronic Claim Forms.  To help protect against fraudulent submissions, the Settlement Administrator may use reCAPTCHA for each electronic form submission.  Additionally, the Settlement Administrator shall post on the Settlement Website: (a) the operative Complaint, (b) the Agreement, (c) the Preliminary Approval Order, (d) the Long-Form Notice, (e) a downloadable (i.e., PDF) Claim Form, and (f) within three (3) Court days after it is filed, Settlement Class Counsel's motion for a Fees, Costs, and Expenses Award.  The Settlement Website will be active until the last date Authorized Claimants have to negotiate any checks sent.

**4.3     Notice to Class Members.**

**4.3.1     E-Mail Notice.** Unless otherwise ordered by the Court, on or before thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Email Notice to those Settlement Class Members for whom an email address was provided in the Class List.

**4.3.2     Postcard Notice.**  Unless otherwise ordered by the Court, on or before thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Postcard Notice to Settlement Class Members for which there is no email address.  Prior to mailing the Postcard Notice under this settlement, the Settlement Administrator shall attempt to update the last known addresses of the Class Members through the National Change of Address database.

**4.3.3     Publication Notice.**  Unless otherwise ordered by the Court, on or before thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement

Administrator shall send notice via the internet substantially in the form attached hereto as Exhibit 5 in the manner recommended by the Settlement Administrator.

      **4.4**    **Inquiries from Settlement Class Members.**  The Settlement Administrator will establish an email account and P.O. Box to which Class Members may submit questions regarding the settlement.  The Settlement Administrator will monitor the email account and P.O. Box and respond promptly to inquiries received from Class Members.  Additionally, no later than thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a toll-free telephone number that Settlement Class Members can call and listen to a set of Frequently Asked Questions and corresponding answers or obtain the unique identifier assigned by the Settlement Administrator to each Settlement Class Member.

**5.**    **CLAIMS SUBMISSION AND VALIDATION PROCESS**

      **5.1**    **Claim Process for Settlement Class Members.**  To be eligible to receive an award under this Agreement, subject to the Claims review process, Settlement Class Members must accurately and timely complete and submit a Claim Form and deliver that form to the Settlement Administrator.  Only one Claim Form may be submitted per Settlement Class Member. There is a cap of $1,500 for recovery for each Settlement Class Member.

      **5.2**    **Claim Form Submission Deadline.**  Claim Forms must be submitted by the Response Deadline.  If submitted electronically (through the Settlement Website), Claim Forms must be received on or before the Response Deadline by 11:59 p.m. PST.  If submitted by postal mail, the date of the postmark on the envelope containing the Claim Form shall be the exclusive means used to determine whether Claim Form has been timely submitted.  In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the Claim Form.

      **5.3**    **Claims Review Process.**

**5.3.1   Review of Claims.**   The Settlement Administrator shall review all submitted Claim Forms within a reasonable time for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any Claim.  In addition, the Settlement Administrator may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Settlement Class Member.  To be considered an "Authorized Claimant," a Claimant must submit a valid, complete, and timely Claim Form.  Claim Forms that do not meet the submission requirements shall be rejected.

**5.3.2   Deficient Claims.**   Prior to rejection of a Claim Form, the Settlement Administrator shall communicate with the Claimant in an effort to remedy curable deficiencies in the Claim Form submitted, except in instances where (i) the Claim is untimely, or (ii) the Claimant does not appear on the Class List.

**5.4   Settlement Administrator Interim Reports.**   Beginning one week after the deadline to provide notices under Section 4, the Settlement Administrator shall provide weekly reports to Defendant's Counsel and Settlement Class Counsel concerning the Claim Forms received during the prior week and the amount claimed to date.  The report shall also identify the number of valid requests for exclusions received and transmit any received objections to counsel.

**5.5   Claims Accounting.**   No later than fourteen (14) calendar days before the filing date for Plaintiff's motion in support of the Final Approval Order and Final Judgment, the Settlement Administrator will serve upon Settlement Class Counsel and Defendant's Counsel a report indicating, among other things, the number of timely and valid Claim Forms that were submitted.

**6.**     **OBJECTIONS AND REQUESTS FOR EXCLUSION**

**6.1**     **Objections.**  Any Settlement Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payment must comply with the following requirements.  Objections may be submitted to the Settlement Administrator or the Court by postal mail.

**6.1.1**     **Content of Objections.**  All objections and supporting papers must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the objecting Settlement Class Member; (d) include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel); and (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection.  The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

**6.1.2**     **Deadline for Objections.**  Objections must be submitted by the Response Deadline.  If submitted by postal mail, objections must be postmarked by the Response Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an objection has been timely submitted.  In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the objection.

**6.1.3**     **Failure to Object.**  Settlement Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections

and shall be forever barred from making any objection to the Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

**6.1.4   Attendance at Final Approval Hearing.**  Any Class Member who timely submits a written objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through personal counsel.  However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  Only Settlement Class Members who submit timely objections including Notices of Intention to Appear may speak at the Final Approval Hearing.  If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs.

**6.2   Requests for Exclusion.**  This Settlement Agreement will not bind Settlement Class Members who timely and validly request to be excluded (also known as opting-out) of the settlement.  Individual requests for exclusion may be submitted to the Settlement Administrator electronically (through the Settlement Website) or by postal mail, but if submitted by postal mail, each Settlement Class Member must pay for postage.  No mass opt-outs are allowed.

**6.2.1   Contents of a Request for Exclusion.**  All requests for exclusion must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor does not wish to participate in the settlement; and (e) be signed personally by the Settlement Class Member.

**6.2.2   Deadline to Request Exclusion.**   To be excluded from the settlement, the request for exclusion must be submitted by the Response Deadline.   If submitted electronically (through the Settlement Website), the request for exclusion must be received no later than 11:59 p.m. PST on or before the Response Deadline.   If submitted by postal mail, the request for exclusion must be date-and-time-stamped, or postmarked, no later than the Response Deadline.   In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request for exclusion.

**6.2.3   Effect of Requesting Exclusion.**   Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement Class shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be bound by any judgment entered in the Action; shall not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an objection to the settlement.   However, if a Settlement Class Member submits a Claim Form and request for exclusion, the request for exclusion shall be invalid and the Settlement Class Member shall remain a member of the Settlement Class.

**6.2.4   Exclusion List.**   No later than fourteen (14) calendar days after the Response Deadline, the Settlement Administrator shall provide Settlement Class Counsel and Defendant's Counsel with a list of all persons and entities who have timely and validly excluded themselves from the settlement.   The exclusion list shall be filed with the Court as part of Plaintiff's motion for entry of the Final Approval Order and Final Judgment.

**7.   COURT APPROVAL PROCEDURES**

**7.1   Provisional Class Certification and Preliminary Approval Order.**

**7.1.1   Settlement Class.**   For settlement purposes only, the Parties agree that Plaintiff will move for certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) by

September 30, 2020.  Defendant agrees not to contest certification of the Settlement Class but specifically disputes that a class would otherwise be manageable in this action and denies that a litigation class properly could be certified on the claims asserted in the Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the Settlement Class for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3).

   **7.1.2 Preliminary Settlement Approval.**  Contemporaneously with his motion for provisional certification of the Settlement Class, Plaintiff shall move the Court for a Preliminary Approval Order substantially in the form attached as Exhibit 1 and setting the Final Approval Hearing at least one hundred calendar days after entry of the Preliminary Approval Order.

   **7.1.3 Defendant's Brief.**  Defendant shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval Order.

  **7.2 Final Approval Hearing and Final Judgment.**

   **7.2.1 Declarations In Support of Final Approval**.  No later than twenty-one (21) calendar days before the Final Approval Hearing, the Settlement Administrator will provide to Settlement Class Counsel a sworn declaration verifying that notice was provided to Class Members.   In addition, the Settlement Administrator's declaration shall include information regarding the persons who have requested exclusion from the Settlement Class and any objections sent to the Settlement Administrator.

   **7.2.2 Motion for Final Settlement Approval.**  At least fourteen (14) calendar days before the Final Approval Hearing, Plaintiff will request that the Court enter the Final Approval Order and Final Judgment substantially in the forms attached as Exhibits 8 and 9.

**7.2.3   Defendant's Brief.**  Defendant shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Final Approval Order and Final Judgment.

**7.3**      **Modifications Suggested by the Court.**  If the Court suggests any modifications to the Agreement or conditions entry of the Preliminary Approval Order, Final Approval Order, or Final Judgment on modifications to the Agreement, the Parties shall, working in good faith and consistent with the Agreement, endeavor to cure any such deficiencies identified by the Court.

**8.      CONTINGENCIES; TERMINATION**

**8.1**      **Defendant's Right to Terminate Settlement.**  If the number of Settlement Class Members who request exclusion exceeds one-half percent (0.5%) of Settlement Class Members, then Defendant may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  Such notification of intent to terminate the Settlement Agreement must be provided a minimum of twenty-one (21) calendar days after the Response Deadline.

**8.2**      **Contingencies**.  This Agreement shall be deemed terminated and cancelled, and shall have no further force and effect whatsoever, if: (a) there is no Effective Date; (b) the Court fails to enter a Preliminary Approval Order substantially in the form attached as Exhibit 1; (c) the Court fails to enter Final Approval Order or the Final Judgment substantially in the form of those attached as Exhibits 4 and 5; or (d) Defendant elects to terminate pursuant to Section 8.1 above.

**8.3**      **Effect of Termination**.  In the event that this Agreement is voided, terminated, or cancelled, or fails to become effective for any reason whatsoever, then the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and they shall proceed in all respects as if this Agreement, its exhibits, and any related agreements or orders had never been executed or entered.  Without

limiting the foregoing of the other agreements between the Parties in this Agreement, but rather for the sake of clarity, the Parties expressly agree that this Agreement, the settlement and mediation discussions leading to this Agreement, and any proceeding related to this Agreement shall not be construed as a waiver by Defendant of any claim, defense, or argument.

9.    **ADDITIONAL PROVISIONS, REPRESENTATIONS, AND WARRANTIES**

    9.1    **Entire Agreement**.  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.

    9.2    **No Admissions of Liability**.  This Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made.  The Parties have entered into the Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Agreement may not be used by any third party against any Party.

    9.3    **Bar to Future Suits**.  Upon entry of the Final Judgment, Plaintiff and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Judgment.  It is further agreed that the settlement may be pleaded as a complete defense to any action instituted that is inconsistent with this Agreement.

    9.4    **Agreement Binding on Successors in Interest**.  This Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

    9.5    **Best Efforts**.  Plaintiff and Defendant agree that the terms of the Agreement reflect a good-faith settlement of disputed claims.  They consider the settlement effected by this

Agreement to be fair and reasonable and will use their best efforts to seek preliminary approval and, if granted, final approval of the Agreement by the Court, including in responding to any objectors, intervenors, or other persons or entities seeking to preclude entry of the Final Judgment and, if the settlement is granted final approval, to effectuate the settlement's terms. They each represent and warrant that they have not, nor will they (a) attempt to void this Agreement in any way, or (b) solicit, encourage, or assist in any fashion any effort by any person (natural or legal) to object to the settlement under this Agreement.

**9.6    Additional Duties of the Settlement Administrator.**  In addition to its duties identified above, the Settlement Administrator shall comply with all tax reporting obligations such as issuing any necessary United States Internal Revenue Service 1099 Forms, including but not limited to obtaining any necessary information from Settlement Class Counsel, Plaintiff, and Authorized Claimants for tax reporting purposes. The Settlement Administrator shall ensure that the information that it receives from the Parties and Settlement Class Members is secured and managed in such a way as to protect the security and confidentiality of the information from third parties. The Settlement Administrator shall also perform any other duties necessary to administer the settlement and/or to which the Parties otherwise agree in writing.

**9.7    Taxes.**  Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Settlement Fund. In no event shall Defendant or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Settlement Class Members, Settlement Class Counsel, or any other person or entity.

**9.8     Amendment or Modification**.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

**9.9     Headings and Formatting of Definitions.**  The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**9.10     Notices.** Any communication, verification, or notice sent by any Party in connection with this Agreement shall be sent by email and overnight mail as follows:

<u>**To Plaintiff:**</u>
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Email: anthony@paronichlaw.com

<u>**To Defendant:**</u>
Torsten M. Kracht
Hunton Andrews Kurth LLP
2200 Pennsylvania Ave, NW
Washington, DC 20037
Email: tkracht@hunton.com

**9.11     Time Periods**.  The time periods and dates described in this Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Settlement Class Counsel and Defendant's Counsel.

**9.12     Governing Law**.  This Agreement is intended to and shall be governed by the laws of the Commonwealth of Pennsylvania without regard to its choice of law principles.

**9.13     No Construction against Drafter**.  This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

**9.14    Execution Date.**  This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**9.15    Execution in Counterparts.**  This Agreement shall become effective upon its execution by all of the Parties. The signatories may execute this Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all signatories had signed the same instrument.

**9.16    Signatures**.  Each person executing this Agreement warrants that such person has the full authority to do so.   Signatures sent in pdf format by email will constitute sufficient execution of this Agreement.

**9.17    Continuing Jurisdiction**.   The Court shall retain jurisdiction to enforce this Agreement's terms and the Final Judgment.

IN WITNESS WHEREOF, the Parties hereby accept and agree to the Agreement, as reflected by their signatures below.

Dated: _9/29/2020_____

PALMco PA, LLC

Dated: _9/27/20_____

Stewart Abramson

**EXHIBIT 1**
**[PROPOSED] PRELIMINARY APPROVAL ORDER**

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>PALMCO ENERGY PA L.L.C d/b/a INDRA ENERGY, SYNEGENCE, LLC, SHERRIE EDWARDS aka SHERRIE BRYANT aka SHERRIE BRYANT EDWARDS and MATRIX ENERGY GROUP<br><br>        Defendants. | Case No. 2:19-cv-1675-MJH |

This Court has reviewed the motion for preliminary approval of class settlement filed in this Action, including the Settlement Agreement and Release ("Settlement Agreement").[1]  Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

    **1.**     The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

    **2.**     The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

3.     The Long-Form Notice, Postcard Notice, Email Notice, Publication Notice and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

4.     For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

5.     For settlement purposes only, Plaintiff's claims are typical of the Settlement Class' claims.

6.     For settlement purposes only, there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Settlement Class Members.

7.     For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

8.     **Settlement Approval**.  The Settlement Agreement, including the Long-Form Notice, Postcard Notice, Email Notice, Publication Notice and Claim Form attached to the Settlement Agreement as Exhibits 2-7 are preliminarily approved.

9.     **Appointment of the Settlement Administrator and the Provision of Class Notice**.  KCC Class Action Services, LLC is appointed as the Settlement Administrator. Defendant PALMco Energy PA L.L.C. d/b/a Indra Energy ("PALMco" or "Defendant") and the Settlement Administrator will notify Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement.

10.     **Claim for a Settlement Award**.  Class Members who want to receive an award under the Settlement Agreement must accurately complete and deliver a Claim Form to the Settlement Administrator no later than ninety (90) calendar days after the entry of this Order.

11.     **Objection to Settlement**.  Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payment must deliver written objections to the Settlement Administrator (by postal mail) or the Court no later than ninety (90) calendar days after the entry of this Order.  Written objections must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address and telephone number of the objecting Settlement Class Member; (d) include the full name, address and telephone number of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel); and (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection. Any Class Member who timely submits a written objection, as described in this paragraph, has the option to appear at the Final Approval Hearing, either in person or through personal counsel, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, the Service Payment, or to the Fees, Costs, and Expenses Award.  However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  Only Settlement Class Members who submit timely objections including Notices of Intention to Appear may speak at the Final Approval Hearing.  If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs.  The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

12.     **Failure to Object to Settlement.**  Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a

subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

13.     **Requesting Exclusion**.  Settlement Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement.  Individual requests for exclusion may be submitted to the Settlement Administrator by postal mail. No mass opt-outs are allowed.  All requests for exclusion must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address and telephone number of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor does not wish to participate in the settlement; and (e) be signed personally by the Settlement Class Member. A request for exclusion must be submitted no later than ninety (90) calendar days after entry of this Order.

14.     **Provisional Certification**.  The Settlement Class is provisionally certified as a class of: All persons in the United States who were contacted by or on behalf of the Released Parties or its affiliates promoting one or more of the Released Parties that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through September 30, 2020.

15.     **Conditional Appointment of Class Representative and Class Counsel**.  Plaintiff is conditionally certified as the class representative to implement the Parties' settlement in accordance with the Settlement Agreement.  The law firm of Paronich Law, P.C. is  conditionally appointed as Settlement Class Counsel.  Plaintiff and Settlement Class Counsel must fairly and adequately protect the Settlement Class' interests.

16.     **Stay of Other Proceedings**.  The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement are stayed pending the Final Approval Hearing and issuance of any Final Order and Judgment.

17.     **Termination**.   If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Plaintiff and Settlement Class Counsel will stop functioning as the class representative and class counsel, respectively, except to the extent previously appointed by the Court; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator.  Neither the settlement nor this Order will waive or otherwise impact the Parties' rights or arguments.

18.     **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

19.     **Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

20.     **Modifications.**  Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.  The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein.  The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

21.     **Final Approval Hearing**.  On _____ (month) ___ (day), 2021, at _____, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  Plaintiff's motion in support of the Final Judgment shall be filed on or before fourteen (14) calendar days before the Final Approval Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, the updated hearing date shall be posted on the Settlement Website,

but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members.

22.   **Summary Timeline.**   The Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| | |
|---|---|
| Last day for the Settlement Administrator to publish the Settlement Website and begin operating a toll-free telephone line, email address, and P.O. Box to accept inquiries from Settlement Class Members | On or before 30 days after entry of this Order |
| Settlement Administrator provides Postcard Notice to Settlement Class Members | On or before 30 days after entry of this Order |
| Last day for Settlement Class Members to file Claim Forms, object, or request exclusion from the Settlement Class | On or before 90 days after entry of this Order |
| Last day for Settlement Class Counsel to file motion in support of Final Approval | On or before 14 days before Final Approval Hearing |

SO ORDERED this ___ day of _____, 2020.

_____
THE HONORABLE MARILYN J. HORAN
UNITED STATES DISTRICT COURT

**EXHIBIT 2**
LONG-FORM NOTICE

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>PALMCO ENERGY PA L.L.C d/b/a INDRA ENERGY, SYNEGENCE, LLC, SHERRIE EDWARDS aka SHERRIE BRYANT aka SHERRIE BRYANT EDWARDS and MATRIX ENERGY GROUP<br><br>        Defendants. | Case No. 2:19-cv-1675-MJH |

---

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

**TO: All persons in the United States who were contacted by or on behalf of PALMco or its affiliates promoting PALMco that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through September 30, 2020.**

**IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT MAY AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

- A settlement ("Settlement") has been proposed in the class action lawsuit referenced above pending in the United States District Court for the Western District of Pennsylvania ("Action"). You may be a class member in the proposed Settlement and may be entitled to participate in the proposed Settlement.

- The United States District Court for the Western District of Pennsylvania has ordered the issuance of this notice in this Action. PALMco Energy PA L.L.C. d/b/a Indra Energy ("PALMco" or "Defendant") denies it did anything wrong and has defended itself throughout the lawsuit. The Court has not decided who is right. Both sides have agreed to settle the dispute to avoid burdensome and costly litigation.

- If the Court gives final approval to the Settlement, Defendant and its insurance company will create a fund of $1,000,000. If you submit a valid Claim Form, you may be eligible to receive

a pro rata share of the Net Settlement Fund.  The value of a Settlement Class Member's individual award will depend upon the number of Settlement Class Members who file valid Claim Forms.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get an award under the Settlement. Visit the Settlement website located at www.[xxxx].com to file a claim or obtain a Claim Form. | Deadline: **[Month] [Day], [Year]** |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive an award under the Settlement. Excluding yourself is the only option that allows you to bring or maintain your own lawsuit regarding the allegations in the Action ever again. | Deadline: **[Month] [Day], [Year]** |
| **OBJECT** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved.  Submitting an objection does not exclude you from the Settlement. | Deadline: **[Month] [Day], [Year]** |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Representative Plaintiff's request for service awards for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any objection you submitted to the Settlement.  If you intend to speak at the Fairness Hearing, you must also submit a "Notice of Intention to Appear" to the Court and the parties' attorneys, indicating your intent to do so. | Hearing Date: **[Month] [Day], [Year]**<br><br>Time: **[XX:XX] [am/pm]** |
| **DO NOTHING** | You will not receive a Settlement award under the Settlement.  You will also give up your right to object to the Settlement, and you will be not able to be part of any other lawsuit about the legal claims in this case. | N/A |

• These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

• The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.  The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement

and, if there are any appeals, after the appeals are resolved in favor of the Settlement. **_Please be patient_**.

## WHAT THIS NOTICE CONTAINS

BACKGROUND INFORMATION ........................................................................ ##

     1.     Why did I get this notice?

     2.     What is this lawsuit about?

     3.     Why is this a class action?

     4.     Why is there a Settlement?

     5.     How do I know if I am part of the Settlement?

     6.     I'm still not sure if I am included.

THE PROPOSED SETTLEMENT .......................................................................... ##

     7.     What relief does the Settlement provide to the Class Members?

HOW TO REQUEST AN AWARD UNDER THE SETTLEMENT – SUBMITTING A CLAIM FORM ............................................................................................ ##

     8.     How can I get a Settlement award?

     9     When will I get a Settlement award?

THE LAWYERS IN THIS CASE AND THE PLAINTIFF ...................................... ##

     10.     Do I have a lawyer in this case?

     11.     How will the lawyers be paid?

     12.     Will the Plaintiff receive any compensation for their efforts in bringing this Action?

DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS ............................. ##

     13.     What am I giving up to obtain relief under the Settlement?

HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT .......................... ##

     14.     How do I exclude myself from the Settlement?

HOW TO OBJECT TO THE SETTLEMENT ........................................................ ##

     15.     How do I tell the Court that I disagree with the Settlement?

     16.     What is the difference between excluding myself and objecting to the Settlement?

FAIRNESS HEARING .......................................................................................... ##

     17.     What is the Fairness Hearing?

     18.     When and where is the Fairness Hearing?

19.     May I speak at the hearing?

ADDITIONAL INFORMATION .............................................................................................. ##

20.     How do I get more information?

21.     What if my address or other information has changed or changes after I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.     Why did I get this notice?

You received this Notice because a Settlement has been reached in this Action and you may be a class member.  If you are a member of the Settlement Class, you may be eligible for the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 20 below.

### 2.     What is this lawsuit about?

An individual (the "Plaintiff") filed a lawsuit against Defendant on behalf of himself and all others similarly situated.   The lawsuits allege that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by, *inter alia*, placing unsolicited telemarketing calls to Plaintiff and members of the putative class using a pre-recorded message.

Defendant denies each and every one of the allegations of unlawful conduct, any wrongdoing, and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.  Defendant further denies that any Class Member is entitled to any relief and, other than for settlement purposes, that this Action is appropriate for certification as a class action.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Plaintiff's claims in the Action.**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 3.     Why is this a class action?

In a class action lawsuit, one or more people sue on behalf of other people who allegedly have similar claims.  For purposes of this proposed Settlement, one court will resolve the issues for all Settlement Class Members.  The company sued in this case, PALMCO ENERGY PA L.L.C d/b/a INDRA ENERGY , is called the Defendant.

### 4.    Why is there a Settlement?

Plaintiff has made claims against Defendant.  Defendant denies that it has done anything wrong or illegal and admits no liability.  The Court has **not** decided that the Plaintiff or Defendant should win this Action.  Instead, both sides agreed to a Settlement.  That way, they avoid the cost of a trial, and the Settlement Class Members will receive relief now rather than years from now, if at all.

### 5.    How do I know if I am part of the Settlement?

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement:  All persons in the United States who were contacted by or on behalf of the Released Parties or its affiliates promoting the Released Parties that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through September 30, 2020.

### 6.    I'm still not sure if I am included.

If you are still not sure whether you are included in the Settlement Class, you can write or call the Settlement Administrator for free help.  The Settlement Administrator's contact information is below.

*PALMco TCPA Settlement*
c/o _____
[Address]
[City] [State], [Zip Code ]
1-8XX-XXX-XXXX
Email: [xxxx]@[xxxx].com

## THE PROPOSED SETTLEMENT

### 7.    What relief does the Settlement provide to the Class Members?

Defendant and its insurer will create a Settlement Fund of $1,000,000 which will be used to pay the Claims of Settlement Class Members, Settlement Class Counsel's Fees, Costs, and Expenses Award (see Section 11 below), Plaintiff's Service Payment (see Section 12 below), and compensation for the Settlement Administrator for providing notice to the Settlement Class and administering the Settlement.

If you are a Settlement Class Member, you are eligible to receive a pro rata share of the Net Settlement Fund by timely and validly submitting a Claim Form.

## HOW TO REQUEST AN AWARD UNDER THE SETTLEMENT – SUBMITTING A CLAIM FORM

### 8.    How can I get a Settlement Award?

To qualify for a Settlement award, you must send in a Claim Form.  A Claim Form is available by clicking HERE or on the Internet at the website www.[xxxx].com.  The Claim Form may be submitted electronically or by postal mail.  Read the instructions carefully, fill out the form, and postmark it by [Month] [Day], [Year] or submit it online on or before 11:59 p.m. (Pacific) on [Month] [Day], [Year].

### 9.    When will I get a Settlement award?

As described in Sections 17 and 18, the Court will hold a hearing on [Month] [Day], [Year] at [time] to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  You can check on the progress of the case on the website dedicated to the Settlement at www.[xxxx].com.  *Please be patient.*

## THE LAWYERS IN THIS CASE AND THE PLAINTIFF

### 10.    Do I have a lawyer in this case?

The Court has ordered that the law firm of Paronich Law, P.C. ("Settlement Class Counsel") will represent the interests of all Settlement Class Members.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.    How will the lawyers be paid?

Settlement Class Counsel will petition the Court to receive a Fees, Costs, and Expenses Award up to $345,000.45 (total, which includes $12,000.45 in advanced expenses).  The Court will make the final decision as to the amount to be paid to the attorneys for their fees and costs.  You will not be required to separately pay any attorneys' fees or costs.

### 12.    Will the Plaintiff receive any compensation for their efforts in bringing this Action?

The Plaintiff will request a Service Payment of up to $10,000 for his services as class representative and his efforts in bringing the Action.  The Court will make the final decision as to the amount to be paid to the Plaintiff.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 13.    What am I giving up to obtain relief under the Settlement?

If the Court approves the proposed Settlement, you will be releasing your claims against Defendant and the other entities allegedly involved in the calls at issue unless you have excluded yourself from the Settlement.  This generally means that you will not be able to file or pursue a

lawsuit against Defendant or be part of any other lawsuit against Defendant asserting claims that were or could have been asserted in the Action. The Settlement Agreement, available on the Internet at the website www.[xxxx].com contains the full terms of the release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14.    How do I exclude myself from the Settlement?

You may exclude yourself from the Class and the Settlement.  You can submit a request for exclusion to the Settlement Administrator electronically (through the Settlement Website) or by postal mail.  If you want to be excluded, you must either complete the Opt-Out Form available on the Settlement Website located at www.[xxxx].com, or write the Settlement Administrator stating: **(a)** the name and case number of the action – *"Abramson v. PALMCO Energy PA, et. al.,* W.D. PA. Case No. 2:19-cv-1675"; **(b)** the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; **(c)** the address and telephone number of the Settlement Class Member seeking exclusion; **(d)** that the requestor does not wish to participate in the Settlement; and **(e)** be signed personally by you.  If you are not using the Opt-Out Form on the Settlement Website, the request for exclusion must be sent to the Settlement Administrator at:

*PALMCO TCPA Settlement*

c/o _____

[Address]

[City] [State], [Zip Code]

www.[xxxx].com

Your request for exclusion must be submitted electronically or be postmarked no later than [Month] [Day], [Year] at 11:59 pm (Pacific).  If you submit your request for exclusion by postal mail, you are responsible for your postage.

If you validly and timely request exclusion from the Settlement Class, you will be excluded from the Settlement Class, you will not be bound by the Settlement Agreement or the judgment entered in the Action, you will not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement, you will not be entitled to submit an objection to the Settlement, and you will not be precluded from prosecuting any timely, individual claim against Defendant based on the conduct complained of in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

### 15.    How do I tell the Court that I disagree with the Settlement?

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider the attorneys who initiated the Action's request for a Fees, Costs, and Expenses Award, and a Service Payment to the Plaintiff.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, you must write to the Court and must: **(a)** clearly identify the case name and number – *"Abramson v. PALMCO Energy PA, et. al.,* W.D. PA. Case No. 2:19-cv-1675"; **(b)** include the full name and the unique identification number for the Settlement Class Member

assigned by the Settlement Administrator; **(c)** include the address and telephone number of the objecting Settlement Class Member; **(d)** include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel); and **(e)** provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection.  The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.  Objections may be submitted to the Settlement Administrator by postal mail.  The Settlement Administrator will then have the objections submitted to the Court.  Or you may submit the objections directly to the Court.   If an objection is submitted by postal mail, the Settlement Class Member must pay for postage.   The Settlement Administrator's contact information is below.

*PALMCO TCPA Settlement*
c/o _____
[Address]
[City] [State], [Zip Code]
Email: [xxxx]@[xxxx].com

The mailing address to the Court is:

Clerk of the Court
Joseph F. Weis, Jr. Courthouse
United States District Court Western District of Pennsylvania
700 Grant Street
Pittsburgh, PA 15219

The objection must be submitted electronically or be postmarked no later than [Month] [Day], [Year] at 11:59 pm (Pacific).

You may, but need not, submit your objection through counsel of your choice.  If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

<u>**IF YOU DO NOT TIMELY MAKE AN OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**</u>

If you submit a written objection, you have the option to appear and request to be heard at the Fairness Hearing, either in person or through personal counsel.  You are not required, however, to appear.  However, if you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  Only those who submit timely objections including Notices of Intention to Appear may speak at the Fairness Hearing.  If you make an objection through an attorney, you will be responsible for your attorney's fees and costs.

| 16. | What is the difference between excluding myself and objecting to the Settlement? |
|---|---|

Objecting is simply telling the Court that you disagree with something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that

you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

### 17.    What is the Fairness Hearing?

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement.  The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Fees, Costs, and Expenses Award to the attorneys who initiated the Action; and to consider the request for a Service Payment to the Plaintiff.

### 18.    When and where is the Fairness Hearing?

On [Month] [Day], [Year] at [time], a hearing will be held on the fairness of the proposed Settlement.  At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness.  The hearing will take place before the Honorable Marilyn J. Horan, Joseph F. Weis, Jr. Courthouse, United States District Court Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219 on [Month] [Day], [Year], at ____am/pm.  The hearing may be postponed to a different date or time or location without notice.  Please check www.[xxxx].com for any updates about the Settlement generally or the Fairness Hearing specifically.  If the date or time of the Fairness Hearing changes, an update to the Settlement Website will be the only way you will be informed of the change.

### 19.    May I speak at the hearing?

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.  You may attend, but you do not have to.  As described above in Section 15, you may speak at the Fairness Hearing only if (a) you have timely submitted an objection, and (b) you have timely and validly provided a Notice of Intent to Appear.  If you have requested exclusion from the Settlement, however, you may not speak at the Fairness Hearing.

## ADDITIONAL INFORMATION

### 20.    How do I get more information?

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, the application for a Fees, Costs, and Expenses Award, and the operative Complaint filed in the Action, please visit the Settlement Website located at: www.[xxxx].com.  Alternatively, you may contact the Settlement Administrator at the email address [xxxx]@[xxxx].com or the U.S. postal (mailing) address:  [Address] [City], [State], [Zip Code].  You may also obtain information by calling 1-8XX-XXX-XXXX.

This description of this Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file, you should visit www.pacer.gov or the Clerk's office at Joseph F. Weis, Jr. Courthouse, United States District Court Western District

of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

**21.   What if my address or other information has changed or changes after I submit a Claim Form?**

It is your responsibility to inform the Settlement Administrator of your updated information.  You may do so at the address below:

*PALMCO TCPA Settlement*
c/o _____
[Address]
[City] [State], [Zip Code ]
1-8XX-XXX-XXXX
Email: [xxxx]@[xxxx].com

\* \* \* \*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

**EXHIBIT 3**
POSTCARD NOTICE

**If you are a person in the United States who was contacted by or on behalf of PALMco or its affiliates promoting PALMco that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through September 30, 2020, you may be entitled to payment.**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

**XXX**

*Abramson v. PALMCO Energy PA*
Settlement Administrator
P.O. Box XXXX
City, ST XXXXX-XXXX

[BARCODE]
[First Name] [Last Name]
[Address 1]
[Address 2]
[City], [ST] [Zip+4]

**Why did I get this notice?** A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Western District of Pennsylvania titled *Abramson v. PALMCO Energy PA, et., al.,* W.D. PA. Case No. 2:19-cv-1675 ("Action"). According to available records, you might be a "Settlement Class Member." The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?** The Action was filed against PALMCO Corporation d/b/a Indra Energy ("PALMCO") by an individual alleging PALMCO made unsolicited telemarketing calls. PALMCO denies wrongdoing and liability, and both sides disagree on how much, if anything, the class could have recovered after trial. ***The Court has not decided which side is right. But both sides have agreed to settle the Action and provide certain benefits to Settlement Class Members in order to avoid the costs of continued litigation.***

**Am I a Settlement Class Member?** You are a "Settlement Class Member" if you fit into the following definition: If you are a person in the United States who was contacted by or on behalf of the Released Parties or its affiliates promoting the Released Parties that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through [DATE].

**What relief does the Settlement provide?** The Settlement provides $1,000,000 to pay (1) claims of eligible Settlement Class Members; (2) a Fees, Costs, and Expenses Award to Settlement Class Counsel; (3) a Service Payment to Plaintiff; and (4) costs of Settlement administration and notice. If you are a Settlement Class Member, you are eligible to receive a pro rata share of the Net Settlement Fund by timely and validly submitting a Claim Form. This amount may change, as it depends on the number of timely and valid claims submitted by Settlement Class Members and the number of calls associated with those other Settlement Class Members' claims. To receive a Settlement award, you must timely complete and submit a valid Claim Form. A Claim Form is available at www.[xxxx].com as well as attached to this postcard. The deadline to submit a Claim Form is [Month] [Day], [Year]. If you elect to complete a Claim Form, your class member identification number is: [SAMPLE12345].

**What are my other options?** If you don't want to be legally bound by the Settlement, you must exclude yourself by [Month] [Day], [Year], or you won't be able to sue PALMCO or others involved with the calls at issue about the legal claims in the Action ever again. If you stay in the Settlement, you may object to it by [Month] [Day], [Year]. The detailed notice available at www.[xxxx].com describes the claims you will be releasing if you do not request exclusion and explains how to request exclusion or to object. The Court will hold a hearing on [Month] [Day], [Year] at [time] to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for up to $345,000.45 for a Fees, Costs, and Expenses Award, and for the Plaintiff's request for a $10,000 Service Payment. You may ask to appear at the hearing, but you don't have to.

**More information?** For complete information about the Settlement, to view the Settlement Agreement, related court documents, and Claim Forms, and to learn more about how to exercise your various options under the Settlement, visit www.[xxxx].com or call 1-888-xxx-xxxx. You may also write to the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code].

**EXHIBIT 4**
Email Notice

To: [Settlement Class Member email address]
From: [xxxx]@[xxx].com
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

**If you are a person in the United States who was contacted by or on behalf of PALMco or its affiliates promoting PALMco that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through September 30, 2020, you may be entitled to payment.**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

**Why did I get this notice?**  A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Western District of Pennsylvania titled *Abramson v. PALMCO Energy PA, et. al.,* W.D. PA. Case No. 2:19-cv-1675 ("Action").  According to available records, you might be a "Settlement Class Member."  The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?**  The Action was filed against PALMCO Corporation d/b/a Indra Energy ("PALMCO") by an individual alleging PALMCO made unsolicited telemarketing calls.  PALMCO denies wrongdoing and liability, and both sides disagree on how much, if anything, the Class could have recovered after trial.  ***The Court has not decided which side is right.  But both sides have agreed to settle the Action and provide certain benefits to Settlement Class Members in order to avoid the costs of continued litigation.***

**Am I a Settlement Class Member?**  You are a "Settlement Class Member" if you fit into the following definition: If you are a person in the United States who was contacted by or on behalf of the Released Parties or its affiliates promoting one or more of the Released Parties that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through September 30, 2020.

**What relief does the Settlement provide?**  The Settlement provides $1,000,000 to pay (1) claims of eligible Settlement Class Members; (2) a Fees, Costs, and Expenses Award to Settlement Class Counsel; (3) a Service Payment to Plaintiff; and (4) costs of Settlement administration and notice. If you are a Settlement Class Member, you are eligible to receive a pro rata share of the Net Settlement Fund by timely and validly submitting a Claim Form.   This amount may change, as it depends on the number of timely and valid claims submitted by Settlement Class Members and the number of calls associated with those other Settlement Class Members' claims.  To receive a Settlement award, you must timely complete and submit a valid Claim Form.  A Claim Form is available at www.[xxxx].com as well as attached to this postcard.  The deadline to submit a Claim Form is [Month] [Day], [Year].  If you elect to complete a Claim Form, your class member identification number is: [SAMPLE12345].

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by [Month] [Day], [Year], or you won't be able to sue PALMCO or others involved with the calls at issue about the legal claims in the Action ever again.  If you stay in the Settlement, you may object to it by [Month] [Day], [Year].  The detailed notice available at www.[xxxx].com describes the claims you will be releasing if you do not request exclusion and explains how to request exclusion or to object.  The Court will hold a hearing on [Month] [Day], [Year] at [time] to consider whether to approve the Settlement and a request by the lawyers

representing all Class Members for up to $345,000.45 for a Fees, Costs, and Expenses Award, and for the Plaintiff's request for a $10,000 Service Payment.  You may ask to appear at the hearing, but you don't have to.

**More information?**   For complete information about the Settlement, to view the Settlement Agreement, related court documents, and Claim Forms, and to learn more about how to exercise your various options under the Settlement, visit www.[xxxx].com or call 1-888-xxx-xxxx.  You may also write to the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code].

# EXHIBIT 5
## PUBLICATION NOTICE



Did you receive a telemarketing call promoting PALMco products between January 1, 2016 and [DATE]?
You could get money from a class action settlement.

**LEARN MORE**

WEBSITE.com





**EXHIBIT 6**
**DIRECT NOTICE CLAIM FORM**

COURT AUTHORIZED
NOTICE OF CLASS ACTION
AND PROPOSED SETTLEMENT
**Records indicate you may have
received telemarketing call
promoting PALMco
products between January 1, 2016
and September 30, 2020, and a
class action settlement may affect
your rights.**

**You Could Get Money From
A Class Action Settlement
If You Return
This Claim Form.**

*Loftus, et al. v. Sunrun Inc*. *et al.,*
**Claims Administrator**
P.O. Box _____
_____, ___, _____

First Class
Mail
US Postage
Paid
Permit #

«Barcode»
Postal Service: **Please do not mark barcode**

Claim #: BFG - «ClaimID» «MailRec»

« Firstl» «Lastl»
«CO»
«Addrl» «Addr2»
«City», «ST» «Zip»
«Country»

# XXX

---

## SETTLEMENT CLAIM FORM
THIS CLAIM FORM MUST BE POSTMARKED BY _____, AND MUST BE FULLY COMPLETED.
You may also submit your claim online at **www.** **.com**

Instructions: Fill out each section of this form and sign where indicated.

«Barcode»

Claim #: XXX-«Claim1D» - «MailRec»                    Name/Address Change, if any:
«Firstl» «Lastl»
«Addr1» «Addr2»                    _____
«City», «St» «Zip»                    _____
                                      _____
Email Address: _____ Contact Phone #: (___ ___ ____) ___ ___ ____ -- ___ ___ ____
(Please provide an email and phone number where you may be contacted if further information is required.)

I attest that: (1) I believe that I am member of the Settlement Class; and (2) I received one or more phone calls
and/or text messages marketing PALMco Products between January 1, 2016 and _____ on the following
telephone number owned by me:
«Phone»
I also certify that this is the only claim that I am submitting in connection with the above telephone number.
I wish to receive any payment from this settlement __ by check.  I understand that if I wish to receive an electronic
payment to my PayPal account I must submit my claim online and provide the email address associated with my
PayPal account.

Signature: _____ Date (mm/dd/yyyy): _____

Print Name: _____

* XXX  *          «ClaimID»          XXXXXXX          

Your claim will be submitted to the Claims Administrator for review. If accepted you will be mailed a check as described in the Settlement Agreement and Release, which is available on the website below. This process takes time, please be patient.

**Questions, visit www._____.com or call 1-XXX-XXX-XXXX**

**EXHIBIT 7**
**PUBLICATION NOTICE CLAIM FORM**

*Abramson v. PALMco Energy PA, LLC, et al.,*

In the United States District Court for the Western District of Pennsylvania
Case No. 2:19-cv-1675

**Settlement Claim Form**

---

**If you are a Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [Claims Deadline], or submitted online at [web site] on or before [Claims Deadline]**

---

Please read the full notice of this Settlement (available at [website]) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the Settlement obtained in this class action lawsuit, you must submit your Claim Form online or by mail:

**ONLINE:**     Visit [website] and submit your claim online

This is the only way to receive your payment
via Paypal

**MAIL:**     [Address]

---

## PART ONE: CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

_____        _____

FIRST NAME                                                      LAST NAME

_____

STREET ADDRESS

_____        _____        _____

CITY                                          STATE                ZIP CODE

_____        _____

CURRENT TELEPHONE                    TELEPHONE NUMBER(S) AT WHICH
NUMBER                                              CALLS AND/OR TEXTS WERE RECEIVED

_____

EMAIL ADDRESS

QUESTIONS? VISIT **[WEBSITE]** OR CALL [NUMBER] TOLL-FREE

**PART TWO: ATTESTATION UNDER PENALTY OF PERJURY**

I attest under the pains and penalties of perjury that: (1) I believe that I am member of the Settlement Class; and (2) I received one or more phone calls and/or text messages marketing PALMco Products between January 1, 2016 and _____ on the following telephone number owned by me:

«Phone»

I have attached hereto a telephone bill establishing proof of my ownership of the telephone number.

I also certify that this is the only claim that I am submitting in connection with the above telephone number.

I wish to receive any payment from this settlement __ by check.  I understand that if I wish to receive electronic payment to my PayPal account I must submit my claim form online and provide the email address associated with my PayPal account.

_____        _____
SIGNATURE                                                                            DATE

## CLAIM FORM REMINDER CHECKLIST

**Before submitting this Claim Form, please make sure you:**

1.    Complete all fields in the Claimant Information section of this Claim Form.

2.    Attach a telephone bill providing proof of ownership of the telephone number.  You must provide proof of ownership of the telephone number to receive settlement benefits.

3.    Sign the Attestation in Part Two. You must sign the Attestation in order to be eligible to receive settlement benefits.

**Please keep a copy of your Claim Form for your records.**

QUESTIONS? VISIT **[WEBSITE]** OR CALL [NUMBER] TOLL-FREE

**EXHIBIT 8**
[PROPOSED] FINAL APPROVAL ORDER

## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

---

STEWART ABRAMSON, individually and on
behalf of a class of all persons and entities
similarly situated,

        Plaintiff

vs.

PALMCO ENERGY PA L.L.C d/b/a INDRA
ENERGY, SYNEGENCE, LLC, SHERRIE
EDWARDS aka SHERRIE BRYANT aka
SHERRIE BRYANT EDWARDS and
MATRIX ENERGY GROUP

        Defendants.

Case No. 2:19-cv-1675-MJH

---

On _____ (month) ____ (day), 2021, this Court heard the motion for final approval

of the class action settlement and for entry of judgment filed by Plaintiff.[1]  This Court reviewed:

(a) the motion and the supporting papers, including the Settlement Agreement and Release

("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the Parties'

responses to any objections; and (d) counsel's arguments.  Based on this review and the findings

below, the Court found good cause to grant the motion.

**FINDINGS:**

    **1.**    Upon review of the record, the Court hereby finds that the Settlement Agreement

is, in all respects, fair, adequate, and reasonable and therefore approves it.  Among other matters

considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the

arguments raised by PALMco Energy PA, L.L.C. ("PALMco" or "Defendant") in its pleadings

that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those
terms in the Settlement Agreement.

any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2.      The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Defendant's Counsel resulting in the Settlement Agreement.  These negotiations were presided over by an experienced mediator.

3.      The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4.      Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5.      Defendant filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6.      Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7.      For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

8.      An award of $_____ for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

9.      A Service Payment to Plaintiff of $_____ is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

10.      Reimbursement of $_____ to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the Settlement.

**IT IS ORDERED THAT:**

11.      **Class Members.**  The Settlement Class is certified as a class of: All persons in the United States who were contacted by or on behalf of the Released Parties or its affiliates promoting one or more of the Released Parties that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through September 30, 2020.

12.      **Binding Effect of Order**.  This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 13 of the Preliminary Approval Order. This Order does not bind persons who filed timely and valid requests for exclusion.

13.      **Release**.  Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Defendant from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

14. **Class Relief**. Defendant is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

15. **Cy Pres Distribution.** Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the National Consumer Law Center.

16. **Miscellaneous.** No person or entity shall have any claim against Defendant, its Counsel, its insurers, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

17. **Court's Jurisdiction**. Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties for all purposes related to this settlement.

SO ORDERED this ___ day of _____, 2021.

_____
THE HONORABLE MARILYN J. HORAN
UNITED STATES DISTRICT COURT

**EXHIBIT 9**
**[PROPOSED] FINAL JUDGMENT**

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

STEWART ABRAMSON, individually and on
behalf of a class of all persons and entities
similarly situated,

               Plaintiff

vs.

PALMCO ENERGY PA L.L.C d/b/a INDRA
ENERGY, SYNEGENCE, LLC, SHERRIE
EDWARDS aka SHERRIE BRYANT aka
SHERRIE BRYANT EDWARDS and
MATRIX ENERGY GROUP

               Defendants.

Case No. 2:19-cv-1675-MJH

IT IS HEREBY ADJUDGED AND DECREED THAT:

This Final Judgment incorporates by reference the defined terms in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.  The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

**1.**      The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Settlement Class Members.

**2.**      The Settlement of this Action on the terms set forth in the Settlement Agreement, along with the exhibits thereto, proposed by the Parties has been approved by this Court.

**3.**      The Court granted final certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as: All persons in the United States who were contacted by or on behalf of PALMco Energy PA, L.L.C. d/b/a Indra Energy ("PALMco" or "Defendant") or its affiliates promoting Defendant that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call

Registry for at least 30 days from January 1, 2016 through the date of the Settlement. Excluded from the Class are the Court, the officers and directors of Defendant, and persons who timely and validly requested exclusion from the Settlement Class. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons who satisfy the Class definition above are Settlement Class Members.

4.      Persons who filed timely, completed requests for exclusion are not bound by this Final Judgment, the Final Approval Order, or any of the terms of the Settlement Agreement and may pursue their own individual remedies against Defendant. However, such persons or entities are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

5.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed requests for exclusion are thus Settlement Class Members who are bound by this Final Judgment, the Final Approval Order, and the terms of the Settlement Agreement.

6.      Plaintiff and all Settlement Class Members who did not properly request exclusion are hereby: (1) deemed to have released and discharged Defendant from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.

7.      The full terms of the Settlement Class Members' release described in this paragraph are set forth in the Settlement Agreement, which provides: The Parties intend that this Agreement will fully and finally dispose of the Action and any and all Released Claims against the Released Parties. As of the Effective Date, each Releasing Party will be deemed to have completely released and forever discharged the Released Parties, and each of them, from and for any and all Released Claims. The term "Effective Date" is defined as: The first date after which the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further

petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, this Agreement will be terminated and cancelled and the Parties will be returned to their positions *status quo ante* with respect to the Action as if this Agreement had not been entered into. The term "Released Claims" means: All claims, demands, causes of actions, suits, damages, fees arising under the TCPA, for making telemarketing calls promoting Defendant goods or services, where such call was made on or from January 1, 2016 through September 130, 2020. The release of agents and third-party contractors is limited to actions taken by, or on behalf of, Defendant.

8.     The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission by any plaintiff, defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

9.     The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission of any liability, fault, or wrongdoing, or in any way referred to for any other reason, by any plaintiff, defendant, Settlement Class Member, or Released Party or in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Final Judgment, and the accompanying Final Approval Order.

10.     The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

**11.** Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

**12.** The Court, finding that no reason exists for delay, hereby directs the clerk to enter this Final Judgment forthwith.

SO ORDERED this ___ day of _____, 2021.

_____
THE HONORABLE MARILYN J. HORAN
UNITED STATES DISTRICT COURT