# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>PALMCO ENERGY PA L.L.C d/b/a INDRA ENERGY, SYNEGENCE, LLC, SHERRIE EDWARDS aka SHERRIE BRYANT aka SHERRIE BRYANT EDWARDS and MATRIX ENERGY GROUP<br><br>Defendants. | Case No. 2:19-cv-1675-MJH |

This Court has reviewed the motion for preliminary approval of class settlement filed in this Action, including the Settlement Agreement and Release ("Settlement Agreement").[1] Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

**1.** The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

**2.** The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

3. The Long-Form Notice, Postcard Notice, Email Notice, Publication Notice and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

4. For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

5. For settlement purposes only, Plaintiff's claims are typical of the Settlement Class' claims.

6. For settlement purposes only, there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Settlement Class Members.

7. For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

8. **Settlement Approval**. The Settlement Agreement, including the Long-Form Notice, Postcard Notice, Email Notice, Publication Notice and Claim Form attached to the Settlement Agreement as Exhibits 2-7 are preliminarily approved.

9. **Appointment of the Settlement Administrator and the Provision of Class Notice**. KCC Class Action Services, LLC is appointed as the Settlement Administrator. Defendant PALMco Energy PA L.L.C. d/b/a Indra Energy ("PALMco" or "Defendant") and the Settlement Administrator will notify Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement.

10. **Claim for a Settlement Award**. Class Members who want to receive an award under the Settlement Agreement must accurately complete and deliver a Claim Form to the Settlement Administrator no later than ninety (90) calendar days after the entry of this Order.

**11.     Objection to Settlement**.  Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payment must deliver written objections to the Settlement Administrator (by postal mail) or the Court no later than ninety (90) calendar days after the entry of this Order.  Written objections must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address and telephone number of the objecting Settlement Class Member; (d) include the full name, address and telephone number of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel); and (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection. Any Class Member who timely submits a written objection, as described in this paragraph, has the option to appear at the Final Approval Hearing, either in person or through personal counsel, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, the Service Payment, or to the Fees, Costs, and Expenses Award.  However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  Only Settlement Class Members who submit timely objections including Notices of Intention to Appear may speak at the Final Approval Hearing.  If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs.  The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

**12.     Failure to Object to Settlement.**  Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a

subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

        13.    **Requesting Exclusion**. Settlement Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. Individual requests for exclusion may be submitted to the Settlement Administrator by postal mail. No mass opt-outs are allowed. All requests for exclusion must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address and telephone number of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor does not wish to participate in the settlement; and (e) be signed personally by the Settlement Class Member. A request for exclusion must be submitted no later than ninety (90) calendar days after entry of this Order.

        14.    **Provisional Certification**. The Settlement Class is provisionally certified as a class of: All persons in the United States who were contacted by or on behalf of the Released Parties or its affiliates promoting one or more of the Released Parties that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through September 30, 2020.

        15.    **Conditional Appointment of Class Representative and Class Counsel**. Plaintiff is conditionally certified as the class representative to implement the Parties' settlement in accordance with the Settlement Agreement. The law firm of Paronich Law, P.C. is conditionally appointed as Settlement Class Counsel. Plaintiff and Settlement Class Counsel must fairly and adequately protect the Settlement Class' interests.

        16.    **Stay of Other Proceedings**. The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement are stayed pending the Final Approval Hearing and issuance of any Final Order and Judgment.

**17.    Termination**.  If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Plaintiff and Settlement Class Counsel will stop functioning as the class representative and class counsel, respectively, except to the extent previously appointed by the Court; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator.  Neither the settlement nor this Order will waive or otherwise impact the Parties' rights or arguments.

**18.    No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**19.    Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

**20.    Modifications.**  Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.  The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein.  The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

**21.    Final Approval Hearing**.  On __March__ (month) __9__ (day), 2021, at __10 a.m.__, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  Plaintiff's motion in support of the Final Judgment shall be filed on or before fourteen (14) calendar days before the Final Approval Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, the updated hearing date shall be posted on the Settlement Website,

but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members.

22. **Summary Timeline.** The Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| | |
|---|---|
| Last day for the Settlement Administrator to publish the Settlement Website and begin operating a toll-free telephone line, email address, and P.O. Box to accept inquiries from Settlement Class Members | On or before 30 days after entry of this Order |
| Settlement Administrator provides Postcard Notice to Settlement Class Members | On or before 30 days after entry of this Order |
| Last day for Settlement Class Members to file Claim Forms, object, or request exclusion from the Settlement Class | On or before 90 days after entry of this Order |
| Last day for Settlement Class Counsel to file motion in support of Final Approval | On or before 14 days before Final Approval Hearing |

SO ORDERED this 2nd day of October, 2020.

_____
THE HONORABLE MARILYN J. HORAN
UNITED STATES DISTRICT COURT