# **EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entitled similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PALMCO ENERGY PA L.L.C d/b/a INDRA ENERGY, SYNEGENCE, LLC, SHERRIE EDWARDS aka SHERRIE BRYANT aka SHERRIE BRYANT EDWARDS and MATRIX ENERGY GROUP<br><br>Defendants. | Case No. 2:19-cv-01675-MJH |

### DECLARATION OF ANTHONY PARONICH IN SUPPORT OF PLAINTIFF'S FINAL APPROVAL MOTION

I, Anthony I. Paronich, declare under penalty of perjury:

1. I make this declaration in support of Plaintiffs' Motion for Final Approval of a Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2. I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I am over 18 years of age, and I am competent to testify and make this affidavit on personal knowledge. I have extensive experience in the prosecution of class actions on behalf of consumers, particularly claims under the TCPA.

3. I am a 2010 graduate of Suffolk Law School. In 2010, I was admitted to the Bar in Massachusetts. Since then, I have been admitted to practice before the Federal District Court for the District of Massachusetts, the Northern District of Illinois, the Eastern District of Michigan, the Western District of Wisconsin, the Southern District of Indiana, the First Circuit

Court of Appeals, the Seventh Circuit Court of Appeals, and the Ninth Circuit Court of Appeals. From time to time, I have appeared in other State and Federal District Courts *pro hac vice*. I am in good standing in every court to which I am admitted to practice.

4. I was an associate at Broderick Law, P.C. in Boston, Massachusetts from 2010 through 2016.

5. I was a partner at Broderick & Paronich, P.C. in Boston, Massachusetts from 2016 through 2019.

6. In 2019, I started Paronich Law, P.C., focused on protecting consumers in class action lawsuits.

7. Plaintiff is a Pennsylvania resident whose telephone numbers have been called with unsolicited messages for years.

8. On December 30, 2019, Plaintiff filed a putative class action complaint in the United Stated District Court for the Western District of Pennsylvania against Settling Defendant alleging claims for violations of the TCPA.

9. The Plaintiff later amended his complaint to add Synegence, LLC, Sherrie Edwards a/k/a Sherrie Bryant a/k/a Sherrie Bryant Edwards and Matrix Energy Group.

10. The Complaint alleged that Settling Defendant violated the TCPA by placing unsolicited telemarketing calls to Plaintiff and members of the putative class. Since the filing of the original complaint, the Parties engaged in discovery and other litigation relating to class certification and other issues.

11. During discovery, the Plaintiff issued multiple subpoenas to third parties and received thousands of pages of documents from Settling Defendant and third parties relating to their policies and procedures for compliance with the TCPA, the overseas calling centers used by

the Non-Settling Defendants, the individuals that were called and the relationship between Settling Defendant and the Non-Settling Defendants, as well as the relationship of the Non-Settling Defendant with its overseas calling centers.

12. The parties mediated this case with Hon. Morton Denlow (Ret.) from JAMS. While a settlement was not reached during the initial mediation session, it eventually culminated in the Settlement Agreement before this Court.

13. The *Krakauer v. Dish* case, remains on appeal for several years after the initial trial was completed. In short, litigating this action would have proved lengthy, complex and expensive, thereby delaying (and potentially dissipating) any benefits that might have been obtainable by Settlement Class Members.

14. The parties engaged in extensive negotiations and related legal analysis with the help of an experienced mediator with a robust background of dealing with this type of case.

15. As part of the settlement, the Plaintiff received thousands of pages of documents relating to the relationship between these parties, calls made, and policies and procedures for compliance with the TCPA.

16. Here, it is undisputed that PALMCO did not contact the Plaintiff. Instead, the vendors of PALMCO would often hire call centers and sub-call centers that sold energy leads to multiple companies on a non-exclusive basis. In other words, in order to prove PALMCO's liability, the Plaintiff would have to establish an agency relationship between PALMCO and a caller that was at least three degrees of separation from their company.

17. As part of the mediation process, financial documents were provided and reviewed.

18. Plaintiff's Counsel expended a total of $12,000.45 on this case to date, the bulk of which were for mediation expenses. The remaining amounts are for filing fees, and third-party subpoena services fees. All of the expenses were necessary and appropriate for the prosecution of this Action, and all are of the type that are customarily incurred in litigation and routinely charged to clients billed by the hour.

19. I have been appointed class counsel in more than 35 TCPA cases, including the following:

   i. Desai and Charvat v. ADT Security Services, Inc., USDC, N.D. Ill., 11-CV-1925, a TCPA class settlement of $15,000,000 granted final approval on June 21, 2013.

   ii. Jay Clogg Realty Group, Inc. v. Burger King Corporation, USDC, D. Md., 13-cv-00662, a TCPA class settlement of $8,500,000 granted final approval on April 15, 2015.

   iii. Charvat v. AEP Energy, Inc., USDC, N.D. Ill., 1:14-cv-03121, a TCPA class settlement of $6,000,000 granted final approval on September 28, 2015.

   iv. Bull v. US Coachways, Inc., USDC, N.D. Ill., 1:14-cv-05789, a TCPA class settlement finally approved on November 11, 2016 with an agreement for judgment in the amount of $49,932,375 and an assignment of rights against defendant's insurance carrier.

   v. Smith v. State Farm Mut. Auto. Ins. Co., et. al., USDC, N.D. Ill., 1:13-cv-02018, a TCPA class settlement of $7,000,000.00 granted final approval on December 8, 2016.

   vi. Mey v. Frontier Communications Corporation, USDC, D. Conn., 3:13-cv-1191-MPS, a TCPA class settlement of $11,000,000 granted final approval on June 2, 2017.

   vii. Heidarpour v. Central Payment Co., USDC, M.D. Ga., 15-cv-139, a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017.

   viii. Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc., USDC, N.D. Ga., 1:15-CV-03562-AT, a TCPA class settlement of $12,000,000 granted final approval on December 14, 2017.

   ix. Abante Rooter and Plumbing, Inc. v. Pivotal Payments, Inc., USDC, N.D. Ca., 3:16-cv-05486-JCS, a TCPA class settlement of $9,000,000 granted final approval on October 15, 2018.

x.  In re Monitronics International, Inc., USDC, N.D.W. Va., 1:13-md-02493-JPB-JES, a TCPA class settlement of $28,000,0000 granted final approval on June 12, 2018.

xi. Thomas Krakauer v. Dish Network, L.L.C., USDC, M.D.N.C., 1:14-CV-333 on September 9, 2015. Following a contested class certification motion, this case went to trial in January of 2017 returning a verdict of $20,446,400. On May 22, 2017, this amount was trebled by the Court after finding that Dish Network's violations were "willful or knowing", for a revised damages award of $61,339,200. (Dkt. No. 338). The Fourth Circuit Court of Appeals unanimously affirmed the judgment in May of 2019. *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643 (4th Cir. 2019). The United States Supreme Court rejected *certiorari* of this matter in December of 2019. *See DISH Network L.L.C. v. Krakauer,* 140 S. Ct. 676 (2019).

xii. Charvat v. Carnival Corporation & PLC, et. al., USDC, ND. Ill., 1:13-cv-00042, a TCPA class settlement of $12,500,000 granted final approval in April of 2020.

xiii. Loftus v. Sunrun, Inc., USDC, N.D. Ca.., 3:19-cv-1608, a TCPA class settlement of $5,500,000 granted preliminary approval on September 25, 2020.


PURSUANT TO 28 U.S.C. § 1746, I DECLARE SIGNED UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED THIS 15TH DAY OF FEBRUARY IN THE COMMONWEALTH OF MASSACHUSETTS.

> */s/ Anthony I. Paronich*
> Anthony I. Paronich