IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>PALMCO ENERGY PA L.L.C d/b/a INDRA ENERGY, SYNEGENCE, LLC, SHERRIE EDWARDS aka SHERRIE BRYANT aka SHERRIE BRYANT EDWARDS and MATRIX ENERGY GROUP<br><br>Defendants. | Case No. 2:19-cv-1675-MJH |

## **FINAL APPROVAL ORDER**

On March 9, 2021, this Court heard the motion for final approval of the class action settlement by Plaintiff.[1] This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement") and counsel's arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by PALMco Energy PA, L.L.C. ("PALMco" or "Defendant") in its pleadings that could potentially preclude or reduce the

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2. The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Defendant's Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator.

3. The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4. Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5. Defendant filed a copy of the notice it gave pursuant to 28 U.S.C. § 1715(b), through the Settlement Administrator, and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6. Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7. For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

8. An award of $345,000.45 for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

9. A Service Payment to Plaintiff of $3,500 is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

10. Reimbursement of $142,856.32 to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the Settlement. All further reasonable expenses to administer the Settlement are also approved.

**IT IS ORDERED THAT:**

11. **Class Members.** The Settlement Class is certified as a class of: All persons in the United States who were contacted by or on behalf of the Released Parties or its affiliates promoting one or more of the Released Parties that were called with a pre-recorded message, automated dialing system or were called while on the National Do Not Call Registry for at least 30 days from January 1, 2016 through September 30, 2020.

12. **Binding Effect of Order**. This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 13 of the

Preliminary Approval Order. This Order does not bind persons who filed timely and valid requests for exclusion.

15. **Release**. Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Defendant from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

16. **Class Relief**. Defendant is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form according to the terms and timeline stated in the Settlement Agreement.

17. **Cy Pres Distribution.** Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the National Consumer Law Center.

18. **Miscellaneous.** No person or entity shall have any claim against Defendant, its Counsel, its insurers, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

19. **Court's Jurisdiction**. The Court will retain jurisdiction over this Action and the Parties for all purposes related to this settlement.

SO ORDERED this 9th day of March, 2021.

_____
THE HONORABLE MARILYN J. HORAN
UNITED STATES DISTRICT COURT